CHARLES A. COLLINS, RESPONDENT, v. FRANK C. AMES. JR., APPELLANT.

Submitted March 26, 1923—Decided June 18. 1923.

1. In this case the undisputed facts show and the only legitimate conclusion that can be drawn from such facts is, that Joseph Kaighn was the attorney and agent of the seller of a farm, for paying off and satisfying of record two mortgages. from the purchase price of the farm. The purchase price was the amount of a check drawn to the order and given to the seller of the farm by the buyer, the check was then endorsed over to the order of and given by the seller to Joseph Kaighn.

2. The rule applied is, that when the facts are not in dispute, and inferences from them are not in doubt, the question of agency is one of law for the court and the direction of a verdict based upon such facts is not erroneous.

---

On appeal from the Supreme Court.

For the appellant, *Lewis Starr.*

For the respondent, *Bleakly & Stockwell.*

The opinion of the court was delivered by

BLACK, J. The only controverted point on this appeal is whether the agency involved is a question of law for the court to decide or one of fact to be determined by a jury. The trial judge decided that Joseph Kaighn was the agent and attorney for the defendant, Frank C. Ames, Jr., in the transaction. He directed a verdict in favor of the plaintiff for the sum of $4,600.26. This is the error complained of as the ground of appeal. The controversy grew out of the following undisputed facts: Collins, the plaintiff, bought from the defendant, Ames, a farm in Camden county, N. J. The terms of the purchase were contained in a written agreement, dated June 16th, 1920. This agreement was drawn by Joseph Kaighn, an attorney, and signed by both parties in Kaighn's office. The agreement provided for a settlement on March 25th, 1921. It also provided, upon Ames receiving payment at that time at his cost, he shall deliver to Collins "a proper deed with covenants of general warranty, conveying the fee-simple of the premises, free and clear of all liens and encumbrances." At the time and place mentioned in the agreement, the parties met, a settlement statement, so called, was produced, examined, approved and signed by both parties to the transaction, by which it was shown there was a balance due from the purchaser to the seller of $16,855.68. Collins, the purchaser, then drew a check on the Moorestown Trust Co. for $16,855.68, to the order of Frank C. Ames, Jr., the seller, and handed the check to Mr. Ames, thereupon Ames handed the check to Joseph Kaighn; Kaighn then endorsed on the back of the check, "Pay to the order of Joseph Kaighn," and handed the check to Ames; Ames signed the endorsement, "Frank C. Ames, Jr.," and handed the check to Kaighn, Kaighn deposited the check to his own account. It was paid by the Moorestown

Trust Co. March 29th, 1921. A deed of general warranty was at the time delivered to the purchaser, Collins. At the same time, a mortgage was executed by Collins to the Moorestown Trust Co. for $10,000. Kaighn was also the attorney for the Moorestown Trust Co.; he made the searches on the property and at the settlement retained the deed and mortgage to be recorded. On May 2d, 1921, Kaighn died insolvent. On March 25th, 1921, the date of the settlement, the property was encumbered by two mortgages, one of $6,000 and one of $900. The defendant, Ames, or Kaighn, did not remove these encumbrances and did not pay the amount due on the mortgages to the mortgagees. The verdict directed by the trial judge represents the moneys either paid by Collins or the amount he will have to pay to have the lien of the mortgagee removed from the property, the amount due on the mortgages being included in the purchase price on the farm. The question, therefore, is, whose agent was Joseph Kaighn for the purpose of having the two mortgages paid, satisfied and canceled of record? As stated, the trial judge held that Kaighn was Ames' agent for that purpose. We think this was not error. This court, on an issue of agency in the case of *Belcher* v. *Manchester B. & L. Asso.*, 74 *N. J. L.* 833, 839, 840, said: "When the facts are not in dispute and the inferences from them are not in doubt, the question at issue is one of law for the court, and the direction of a verdict is not erroneous." 2 *C. J.* 961.

None of the facts stated, which are the controlling or dominant ones, are in dispute, so it seems to us the only legitimate or reasonable inference that may be drawn from such facts is, that Joseph Kaighn was the agent of Ames to do what Ames, by his written contract of June 16th, 1920, agreed to do, viz., make a conveyance in fee-simple free and clear of all liens and encumbrances, upon receiving the purchase price in full from the buyer, and then do what in law he, Ames, was bound to do, viz., discharge the encumbrances. The conclusion reached by the trial judge not only accords with elementary legal principles, but it is also in accord with common sense and common justice. There is in evidence

*Exhibit D-6,* dated March 25th, 1921, which is a written statement, signed by Joseph Kaighn, addressed to Frank C. Ames, Jr. It shows there is due to Ames $16,865.68, which is retained by him until the two mortgages in question are fully paid and satisfied. *Exhibit P-11,* dated April 11th, 1921, is a statement in writing of a settlement between Joseph Kaighn, attorney, and Frank C. Ames, Jr., showing a balance due Ames of $9,704.18 after the mortgages in question are paid. The respondent argues, however, that Kaighn became the exclusive agent of Collins to liquidate the mortgages, when the money was left in his hands for that purpose, or at least this was a jury question. This, as stated, we think is not sound, as it is not based on the facts. The other point argued by the respondent, that the plaintiff cannot recover under the complaint filed, is without legal merit.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.