33 N.J. Super. 41 (1954)
109 A.2d 290
HELEN MILLER, BY HER GUARDIAN AD LITEM, LARRY MILLER, DOLLY MILLER, BY HER GUARDIAN AD LITEM, LARRY MILLER, PLAINTIFFS-RESPONDENTS, AND
CONSTANCE DUPSCHA, BY HER GUARDIAN AD LITEM, PATRICK CARR, AND LARRY MILLER AND PATRICK CARR, INDIVIDUALLY, PLAINTIFFS,
v.
ANDREW LINDE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1954.
Decided November 18, 1954.
*42 Before Judges GOLDMANN, FREUND and SCHETTINO.
Mr. Jerome S. Lieb argued the cause for appellant (Messrs. Harkavy and Lieb, attorneys).
Mr. Baruch S. Seidman argued the cause for respondents (Mr. Seymour R. Kleinberg, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This action arose out of a collision involving an automobile owned and operated by defendant Linde and one operated by plaintiff Dupscha, in which the infant plaintiffs, Helen and Dolly Miller, were passengers. Plaintiffs, by their guardians ad litem, sued for personal injuries suffered, and Mr. Miller and Mr. Carr sued per quod. Defendant denied negligence, and set up contributory negligence, joint enterprise, assumption of risk and unavoidable accident.
The action was consolidated for trial with another action pending in the Superior Court in which the three passengers *43 in the Linde car, named Smith, sought judgment against the drivers of the two vehicles for personal injury, pain and suffering. In this action the drivers blame each other, deny negligence, and set up contributory negligence, joint enterprise, unavoidable accident and assumption of risk. Linde cross-claimed against Dupscha.
The jury returned a verdict (1) dismissing the claim of each driver against the other; (2) awarding damages to the three Smiths against Linde and Dupscha, the drivers of the vehicles; and (3) no cause of action in favor of Linde against plaintiffs. Thereafter counsel for plaintiffs moved to set aside the verdict of the jury and for a new trial on the ground that the charge to the jury was erroneous. Counsel for Linde moved for a new trial because the verdicts were excessive and the court had improperly denied defendant's motion for judgment. The trial court then entered an order reducing the judgments in favor of the Smiths, and plaintiffs filed written consent to such reduction. The verdict of no cause of action as to the plaintiffs Helen and Dolly Miller was by separate order set aside, a verdict entered in their favor against Linde, and a new trial granted them as to damages only. It is from the latter order that Linde brings this appeal pursuant to leave granted by this court.
The charge of the trial judge contained no instructions, so far as plaintiffs Miller and Dupscha were concerned, regarding contributory negligence, assumption of risk or joint enterprise. It is clear that the court instructed the jury that the Millers could not recover if Dupscha were negligent. Since the jury found in favor of the Smiths against Dupscha and found no cause of action in her suit against Linde, obviously the jury considered Dupscha negligent. Ordinarily, the question of agency is an issue for the jury. Dierkes v. Hauxhurst Land Co., 80 N.J.L. 369, 374 (E. & A. 1911); 3 C.J.S., Agency, § 330, p. 323. Only where the material facts relied upon to establish agency are undisputed and no conflicting inferences can be drawn therefrom does the question of agency become one of law to be determined by the court. Collins v. Ames, 98 N.J.L. 828 (E. & A. 1923); *44 3 C.J.S., Agency, § 330, p. 325; 2 Am. Jur., Agency, § 454, p. 359. The same principle should control in determining whether there was a joint enterprise.
The questions of agency and joint enterprise were undoubtedly very much in issue in this case. Their existence could be determined by the court as a matter of law only if the facts were not in dispute. But we do not know what those facts were, except as we may infer them from the colloquy and the charge of the court. Defendant Linde does not set out the testimony in his appendix, except for one short excerpt, so that we are left without any guide to say whether the trial judge could have found agency and joint enterprise as a matter of law. It does not even appear he made such findings in support of his charge. As a matter of fact, as to joint enterprise it is clear that he did not consider that matter in propounding his charge for during the colloquy he said: "I don't think I mentioned joint enterprise. I always keep away from that. I never knew quite what joint enterprise was."
Lacking the testimony, we cannot make our own findings. In short, if the facts were in dispute, it was for the jury to decide whether there was agency or joint enterprise. Were we to undertake to say that these elements were indisputably established by evidence, we would be fully accepting defendant's characterization of the underlying testimony as uncontradicted. This we will not do.
On plaintiffs' argument for a new trial the trial judge conceded that his charge to the jury was erroneous. Defendant argues that the order setting aside the verdict of no cause of action as to plaintiffs Miller, entering a verdict in their favor against him and granting a new trial as to damages only was error and should be reversed. Plaintiffs do not attempt to justify the propriety of the trial court going beyond the mere award of a new trial; they interpose no objection to an appropriate modification of the order so that it would grant a new trial as to all issues.
We hold that the trial judge erred in changing the verdict in favor of defendant to one in favor of plaintiffs *45 and directing a new trial as to damages only. Cf. Dorman v. Usbe Building and Loan Association, 115 N.J.L. 337 (Sup. Ct. 1935). The issues of agency and joint enterprise still remain for resolution by a jury in the light of the surrounding facts and the legal principles that will be supplied by the trial judge through a proper charge.
Courts of law are institutions established in aid of the search for truth. The case was submitted to the jury under a charge which the trial judge himself admits was incorrect. As was said in the early case of Thompson v. Burdsall, 4 N.J.L. 193, 195, 196 [Reprint, pages 197, 199-200] (Sup. Ct. 1818):
"a verdict never ought to be maintained upon unsound principles publicly announced."
The remarks of Blackstone are peculiarly apposite:
"In the hurry of a trial the ablest judge may mistake the law, and misdirect the jury: he may not be able so to state and range the evidence as to lay it clearly before them, nor to take off the artful impressions which have been made on their minds by learned and experienced advocates. * * *
Granting a new trial, under proper regulations, cures all these inconveniences, and at the same time preserves entire and renders perfect that most excellent method of decision, which is the glory of the English law. * * * The parties come better informed, the counsel better prepared, the law is more fully understood, the judge is more master of the subject; and nothing is now tried but the real merits of the case." 2 Cooley's Blackstone (4th ed.), 1147.
Where there is basic and fundamental error in the trial court's charge, a new trial must be granted and the entire controversy restored to the same status as if no previous trial had been had. This court should not reinstate a verdict founded on an erroneous view of the law.
The order appealed from is reversed and a new trial granted as to all issues, costs to abide the event.