KEARNEY & TRECKER CORPORATION, PLAINTIFF, v. MASTER ENGRAVING COMPANY, INC., DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided December 12, 1988.

*Malcolm D. Young, (Young & White)* and *Stephen N. Dermer, (Lowenstein, Sandler, Kohl, Fisher & Boylan)* for plaintiff.

*James M. Docherty, (Cohn and Lifland)*, for defendant.

MINUSKIN, J.S.C.

In *Kearney and Trecker v. Master Engraving*, 107 *N.J.* 584 (1987) the Supreme Court ruled that Master Engraving could not recover consequential damages since it had expressly contracted away that remedy.

By way of motion prior to the trial on remand, Kearney and Trecker sought to limit the scope of the new trial only to those issues raised at the first trial. Master Engraving's original counter-claim was based on a breach of warranty theory. Therefore, it would be limited, under Kearney and Trecker's contention, to recovery of the difference in value between the machine as warranted and as actually received.

Kearney and Trecker also asserts that even if Master Engraving is not bound by the theories of recovery raised at the original trial, they are barred by the terms of the contract from proceeding on a theory that it revoked acceptance and is entitled to recover the full purchase price of the machine.

Master Engraving, on the other hand, asserts that since the Supreme Court eliminated the consequential damage remedy and remanded the matter for a new trial, it is permitted to raise issues not raised at the original trial.

Initially, it is clear that a revocation of acceptance can take place some time after delivery of the product. In *Fablok Mills v. Cocker Machine Co.*, 125 *N.J.Super.* 251 (App.Div.1973), the Court held that a two-year delay in revoking acceptance was not unreasonable. The Court stated "The Uniform Commercial Code :.. provides that a buyer may revoke his acceptance within a reasonable time where the non-conformity of the goods substantially impairs their value to him ... [t]hus whether the buyer has lost the right to revoke his acceptance is a question of fact to be determined by the trier of fact." *Id.* at 256. This is particularly true in situations such as *Fablok* and the case at bar in which "the seller did attempt to remedy the defects in [the machine] on numerous occasions" and such conduct "may have reasonably induced the buyer to continue to use the goods ... in belief that the defects complained of would be cured by these repairs." *Id.* at 256.

However, the question before the Court is whether or not Master Engraving is barred from introducing evidence tending to prove its revocation of acceptance.

■ Kearney and Trecker first contends that Master Engraving cannot now proceed on a theory of revoked acceptance since it failed to plead that theory in the original trial and that having proceeded in the original trial only for damages as a result of a breach of warranty, it had elected to choose that remedy and is now barred. Further, it contends that the Pretrial Order in the original trial limited the issues to be tried and did not include revocation of acceptance.

However, *R.*4:25–6 says: "If a new trial is directed by . . . [an] Appellate Court, a pretrial conference shall be scheduled if the action was originally pretried . . .". The comment following that Rule states: ". . . those cases originally pretried must be pretried again before retrial." This Rule clearly envisions the need to reclarify the issues to be presented at the new trial and supports the principle that previous orders limiting issues in the original trial, are no longer in effect.

The Supreme Court has expressly remanded the matter to the Law Division for a "new trial." It is this Court's opinion that such an order means just what it says. A "new trial" is an opportunity for all parties to present anew any issues they feel are relevant to a disposition of the matter.

■ Secondly, Kearney and Trecker asserts that the contract, in addition to limiting consequential damages, only permits a revocation of acceptance at the seller's option. The contract in pertinent part reads "seller's maximum liability shall not exceed and buyer's remedy is limited to either (i) repair or replacement of the defective part of product, or at seller's option, (ii) return of the product and refund of the purchase price . . .".

While the clause limiting consequential damages is drafted in clear, unambiguous language, the clause now in question is not so clear.

Rather than being a limit on the buyer's right to revoke acceptance, the clause seems to include the return and refund option as part of the repair and replacement remedy. In other words, if the repair and replacement remedy is invoked, then

the seller has the option, if the repair or replacement becomes too costly or burdensome or for whatever reason, to remedy the problem with a refund. However, under this interpretation, the buyer is not barred from revoking acceptance.

■ Whether or not this was Kearney and Trecker's understanding of the clause is immaterial. A vague or ambiguous clause in a contract must be construed against the drafter of the contract. *See In re Miller*, 90 *N.J.* 210, 221 (1982).

■ It is evident that an interpretation such as Kearney and Trecker gives to this clause would clearly be unconscionable if it were used to prevent a buyer from revoking acceptance on a machine that was grossly defective and counterproductive. Thus, even assuming for argument's sake, that the clause could be interpreted to so limit Master Engraving's right to revoke, the reasonableness of its refusal to take back the machine and refund the purchase price would still be a question for the jury. The U.C.C. requires that every contract or duty within this Act be performed or enforced in good faith. See *N.J.S.A.* 12A:1–203. The comment to that section also points out that "under the sales article definition of good faith (Section 2–103), contracts made by a merchant have incorporated in them the explicit standard, not only of honesty in fact (Section 1–201), but also of observances by the merchant of reasonable commercial standards of fair dealing in the trade." [1] Thus, a jury could find if testimony was offered, that Master Engraving requested a return and refund remedy based on the failure of Kearney and Trecker to cure the defect and that Kearney and Trecker, in good faith, should have accepted the return.

In conclusion, the Court holds that Master Engraving can introduce evidence on the issue of whether it did revoke acceptance, whether the alleged revocation was reasonable in light of the time involved and Kearney and Trecker's attempt to cure

---

[1] Uniform Commercial Code Comment Following *N.J.S.A.* 12A:1–203.

the defect and whether Kearney and Trecker's alleged refusal to accept the return was reasonable. Accordingly, this matter will proceed to trial in conformity with this opinion.