**Mark WALDORF, Plaintiff,**

v.

**BOROUGH OF KENILWORTH, et als., Defendants.**

No. 84–CV–3885.

United States District Court, D. New Jersey.

March 14, 1995.

As Revised March 22, 1995.

---

Warren Wilentz, Michael J. Barrett, Wilentz, Goldman & Spitzer, Woodbridge, NJ, for plaintiff Mark Waldorf.

Richard A. Amdur, Amdur, Boyle, Maggs & McDermott, Oakhurst, NJ, for defendant Borough of Kenilworth.

Richard M. Tango, McDermott, McGee & Ruprecht, Millburn, NJ, for defendants Kenneth C. Spence, Jr. and Mary Kay Spence.

Steven Backfish, Whipple, Ross & Hirsch, Parsippany, NJ, for defendants Joseph Rego and Lawrence Stickle.

George B. Henkel, Soriano, Henkel, Biehl, Matthews & Marinello, Bloomfield, NJ, for defendants Edward Shuta and Carolyn Wood.

Thomas V. Manahan, Satterlee, Stephens, Burke & Burke, Summit, NJ, for defendants William Aherns, William Conrad, Livio Mancino, Richard Lomax, Frank Mascaro, Peter Patuto, Raymond Blydenburgh, Edward Kasparian & John O'Lock.

## OPINION

WALLS, District Judge.

### Introduction

At issue is the attempt, by motion, of the defendant, Borough of Kenilworth ("the Borough"), to withdraw its stipulation which was made before the second trial of this case. Then, the Borough stipulated that it would not contest its liability to plaintiff Mark Waldorf ("Waldorf") in this tort case, conditioned upon the trial being bifurcated into damages and liability phases with separate juries; the damages phase being tried first. The Borough argues that it will not so stipulate in this, the third trial, while the plaintiff, Mark Waldorf, argues that the Borough is bound by its prior stipulation. On December 5, 1994, oral argument was held before this Court, which directly informed all counsel that the controversial issue was not the willingness of the Borough to enter a new stipulation for the upcoming trial, but the viability of the stipulation of liability entered at the time of the second trial. For reasons stated

below, the motion by defendant Borough of Kenilworth to withdraw its stipulation is denied.

## Background

On November 17, 1982, Waldorf was a passenger in a van which collided with an automobile in an intersection, controlled by a malfunctioning traffic light, in the Borough. The accident left him a quadriplegic. He has brought this lawsuit against the Borough, the drivers and occupants of the vehicles, members of the Borough's police department who allegedly had received notice of the malfunctioning traffic light before the accident and who had failed to take preventive actions, and various elected officials of the Borough.[1] Initially, the case was tried before a jury on the issues of liability and damages, and Waldorf awarded a verdict of $8.4 million. That verdict was reversed by the Court of Appeals, for reasons not germane to this motion, and remanded for a second trial. *Waldorf v. Shuta*, 896 F.2d 723 (3d Cir.1990).

Before the second trial, when both parties were contemplating dispositive motions, a pretrial hearing was held before a Magistrate Judge. At this proceeding, counsel for the Borough argued that it should be allowed to stipulate that it would not contest its liability to Waldorf, in exchange for concessions regarding the manner of conducting the trial. The Borough prevailed, over Waldorf's objections. The Magistrate Judge, on August 4, 1992, by order, incorporated the stipulation, the ensuing trial to be bifurcated into issues of liability and damages, the defendant Borough agreeing that it would not contest its liability for Waldorf's injuries, upon the prerequisites that the damages phase of the trial would be tried before the liability phase;[2] each with a separate jury. The damages phase of the second trial proceeded, resulting in a verdict in Waldorf's favor of $16.1 million. This verdict was subsequently vacated by the Court of Appeals, again for reasons

unrelated to the treatment of this motion, and remanded for a new trial as to damages. *Waldorf v. Shuta*, 3 F.3d 705 (3d Cir.1993).

The Borough retained new counsel after the second trial. Another Magistrate Judge, to whom this case has been assigned for the purpose of pretrial scheduling and non-dispositive motions, was made aware that the Borough's newly-retained counsel had taken the position that the Borough would not be bound in a third trial by its stipulation of liability. On September 20, 1994, that Magistrate Judge ordered that the present status of the Borough's stipulation be decided by the instant motion, upon the submission of briefs and oral argument by the parties. Argument was held on December 5, 1994. This Court ruled that the Borough's stipulation was still viable and that the present motion would be treated as a motion by the Borough for an application to withdraw its prior stipulation of liability.

## Discussion and Analysis

### The Court of Appeals' Reversal of the Second Trial Did Not Render the Borough's Stipulation a Nullity

█ The Borough's first argument—that the stipulation entered into before the second trial was rendered a nullity by the appellate reversal and remand to the district court—is unpersuasive.

The Borough bases its reasoning on inapposite cases.[3] The determinations of those treat whether the parties to a trial on remand are bound by the nature or extent of proofs adduced at the earlier trial. Such is not our issue.

*Franklin Discount Company v. Ford*, 27 N.J. 473, 143 A.2d 161 (1958), is offered by the Borough to assert that after a remand by an appellate court, "the new trial is had as if there had never been a previous one," and that, therefore, the stipulation entered into prior to the second trial does not bind the

---

1. Waldorf's claims against the Borough's officials and employees, other than the police officers, as well as the claims against passengers in both vehicles, have been dismissed.

2. Therein, all the defendants would pursue their cross-claims of contribution and indemnification.

3. *Franklin Discount Company v. Ford*, 27 N.J. 473, 143 A.2d 161 (1958); *State v. Cooper*, 165 N.J.Super. 57, 397 A.2d 702 (App.Div.1979); *Miller v. Linde*, 33 N.J.Super. 41, 109 A.2d 290 (App.Div.1954); *Kearney and Trecker v. Master Engraving*, 234 N.J.Super. 466, 560 A.2d 1320 (Law.Div.1988).

Borough in this third trial. In *Franklin,* one party sought to hold its adversary to its decision, made prior to the first trial, not to enforce a right to a jury trial that was conferred on that party by the contract between the parties. The New Jersey Supreme Court held that that party had the right to a jury at the second trial, because its failure to enforce its right to a jury at the first trial was the result of oversight by counsel, rather than by deliberate decision. *Franklin,* at 492–93, 143 A.2d 161. In our present setting, the Borough did not stipulate its liability as the result of oversight. Rather, the Borough's decision was a calculated, tactical one. Thus, even if *Franklin Discount Company,* notwithstanding extremely dissimilar facts, could be extended to cover this circumstance, its holding does not relieve the Borough of the stipulation it entered into deliberately, rather than inadvertently.

The Borough cites *State v. Cooper,* 165 N.J.Super. 57, 397 A.2d 702 (App.Div.1979), a criminal case, to support its argument that the prior stipulation does not bind it because "the parties are returned to their original positions on a new trial and may introduce evidence and assert new defenses not presented at the first trial." The issue before the *Cooper* court was whether the defendant in an armed robbery case could challenge a pre-trial identification of him at a second trial on remand, when such challenge already had been unsuccessfully raised by him at the first trial. The Appellate Division determined that the defendant could challenge the pre-trial identification at the second trial, even though he had already done so in the first, where it was determined that the procedure used by the police did pass constitutional muster. For obvious reasons this case does not support the Borough's position.

The holding of *Kearney and Trecker v. Master Engraving,* 234 N.J.Super. 466, 560 A.2d 1320 (Law Div.1988), is also advanced. There, a defendant in a breach of contract case, in a counterclaim, had asserted a right to relief based on a breach of warranty theory. Upon review of the trial judgment, the case was reversed and remanded for retrial. On remand, the counterclaiming party sought to recover on a theory not proffered at the first trial, specifically, that it had revoked its acceptance of the plaintiff's offer, thereby entitling it to a judgment. The plaintiff objected to the defendant's advancing a new theory. The trial court held that the defendant could present a new theory, revocation of acceptance, because at that time all parties had an opportunity "to present anew any issues they feel are relevant to a disposition of the matter." *Kearney and Trecker* at 469, 560 A.2d 1320. That holding determines that a party, generally, is not limited at a second trial to the same legal theories advanced by it at an earlier one. *Kearney and Trecker* does not decide, nor pretend to decide, the issue of whether stipulations voluntarily entered into at a first trial by a party will bind it at a subsequent trial.

Finally, the Borough seeks support for its position from *Miller v. Linde,* 33 N.J.Super. 41, 109 A.2d 290 (App.Div.1954), which concluded that where a trial court's charge to a jury is basically and fundamentally in error, a "new trial must be granted and the entire controversy restored to the same status as if no previous trial had been had." *Miller,* at 45, 109 A.2d 290. Here, the Court of Appeals did not reverse the second trial of this case on the basis of an improper jury charge. *Miller v. Linde* is not relevant.

### Case Law Precludes the Borough From Withdrawing its Stipulation

■ As earlier discussed, the stipulation of the Borough before the second trial was not rendered a nullity by the subsequent reversal of the trial verdict. Thus, it is well-settled by decisional law in this and other circuits that a stipulation remains in effect unless the trial court finds that such vitality would result in "manifest injustice." *See, Wheeler v. John Deere Co.,* 935 F.2d 1090, 1097 (10th Cir.1991); *Morrison v. Genuine Parts Co.,* 828 F.2d 708 (11th Cir.1987), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1025, 98 L.Ed.2d 990 (1988); *Hunt v. Marchetti,* 824 F.2d 916 (11th Cir.1987); *United States v. Montgomery,* 620 F.2d 753 (10th Cir.1980). *See also, Stickler v. C.I.R.,* 464 F.2d 368 (3d Cir.1972); *In re Ram Manufacturing Inc.,* 56 B.R. 769 (E.D.Pa.1985); 73 Am.Jur.2d *Stipulations* § 10 (1974).

A stipulation is an admission which "cannot be disregarded or set aside at will." *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir.1991) (citations omitted). A pre-trial stipulation is analogous to a pre-trial order under Rule 16 of the Federal Rules of Civil Procedure, which can be modified subsequently, "only to prevent manifest injustice." *Hunt v. Marchetti*, 824 F.2d 916 (11th Cir.1987). It has been held that stipulations are not absolute, and may be withdrawn whenever necessary to prevent manifest injustice. *See, Wheeler*, at 1098. (citing *United States v. Montgomery*, 620 F.2d 753 (10th Cir.1980)). District courts are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside. *See, Wheeler*, at 1098. (citing *Morrison v. Genuine Parts Co.*, 828 F.2d 708 (11th Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1025, 98 L.Ed.2d 990 (1988)). Whether a stipulation entered into for a particular trial should remain binding during a trial on remand depends upon its nature and the circumstances underlying its formulation. *Wheeler*, at 1098. Relevant to this inquiry is whether the stipulation was expressly limited to a single trial or entered into as the result of fraud or a mistaken interpretation of law. *Id.*

Courts have squarely addressed the issue of whether a stipulation entered into before a trial would be binding in a second trial after remand. *Wheeler v. John Deere Company*, 935 F.2d 1090 (10th Cir.1991) presents factual circumstances similar to those here. Plaintiff was injured by a product manufactured by the defendant and sued the maker in a products liability action. Before the trial, the defendant stipulated that it would have been technologically and economically feasible for the defendant to have prevented plaintiff's injury by incorporating a different product design, but that it chose not to. The jury returned a verdict for the plaintiff, which the 10th Circuit Court of Appeals reversed and remanded for a new trial. Before the new trial, the district court denied the defendant's application to withdraw its prior stipulation conceding the feasibility of a safer design. The defendant argued that it had entered the stipulation only because it was mistaken in its interpretation of the law of evidence and therefore, it should have been allowed to withdraw the admission.[4]

On review, the Court of Appeals affirmed the district court's denial of the defendant's application. The appeals court opined that the defendant's claim that it entered the stipulation in reliance on a mistaken belief of law, "did not ring true." *Wheeler*, at 1098. According to the reviewing court, the defendant sought to withdraw its stipulation because it would be "disadvantaged tactically" at the subsequent trial. *Id.* The Circuit court held that binding the defendant to its prior judicial admissions under such circumstances did not result in manifest injustice and therefore, approved of the district court's refusal to grant the defendant's application:

> Whether a stipulation entered into for a particular trial should remain binding during a retrial of the same case depends on the nature of the stipulation and the circumstances underlying its formulation:
>
> > where a stipulation is distinctly and formally made for the express purpose of relieving the opposing party from proving some fact or facts, or where a formal admission of facts is made by counsel and becomes a part of the record, such a stipulation or admission, provided it is not by its terms limited to a particular occasion or a temporary object, can be introduced in evidence and is available as proof of the facts admitted upon a subsequent trial of the same action, unless the court permits its withdrawal upon proper application.
>
> 73 Am.Jur.2d *Stipulations* § 10 at 545–46 (1974). When a stipulation is limited expressly to a single trial and phrased in terms of conclusory, rather than evidentia-

---

4. Defendant argued that it had agreed to enter the stipulation in reliance on a 10th Circuit case, *Herndon v. Seven Bar Flying Serv.*, 716 F.2d 1322 (10th Cir.1983) *cert. denied*, 466 U.S. 958, 104 S.Ct. 2170, 80 L.Ed.2d 553 (1984), regarding the admissibility of subsequent remedial repairs to prove liability in product liability cases, the precedential value of which was altered by case law developed subsequent to the defendant's entry of the stipulation and a subsequent statutory enactment of the Kansas legislature.

ry, facts, district courts may on retrial free a party from the stipulation. *See, Hunt v. Marchetti,* 824 F.2d 916, 917–18 (11th Cir. 1987); *Aetna Life Ins. Co. v. Barnes,* 361 F.2d 685, 690 (5th Cir.1966). Finally, "[w]here a stipulation is entered into under a mistake of law induced by the then existing state of the case law a [party] is entitled to be relieved of the stipulation if no prejudice results." *Logan Lumber Co. v. Commissioner,* 365 F.2d 846, 855 (5th Cir. 1966).

*Wheeler, supra,* at 1098.

■ Here, the Borough does not argue that it made the stipulation as the result of a mistake of law. Rather, it is obvious that the Borough entered the stipulation as a carefully considered, calculated decision, illustrated by the appearance before the Magistrate Judge, during which counsel for the Borough declared,

> The Borough has, after much consideration and soul-searching, authorized me to advise the Court that they will not contest liability in this matter, provided two things, and these are absolute conditions for this admission by them: one is that the case be bifurcated and different juries hear liability and damages; and the second thing is that the damage trial proceed first before a liability trial. Therefore, a decision not to contest liability is predicated on those two prerequisites.

Transcript of the Proceedings of July 28, 1992 at 3:2–10. Because the Borough's stipulation was a tactical decision, not the result of a mistake of law, it cannot, under *Wheeler,* abandon it.

Neither did the Borough limit the stipulation to that trial, nor was it entered into "merely to narrow the factual issues in dispute" at the trial. *Hunt v. Marchetti,* 824 F.2d 916, 917–18 (11th Cir.1987); *Wheeler, supra,* at 1098. Counsel for the Borough did not provide that the stipulation was to be entered for one trial only. Nor did counsel enter into the stipulation to simplify the issues before the jury, as in *Hunt.* Rather, the Borough made the stipulation as a tactical decision that the amount of damages awarded to Waldorf, if any, would be of a lesser quantum if the jury awarding the dam-

ages was not aware of the Borough's actions leading to its liability. At the pretrial hearing, the Borough's attorney stated that he was entering the stipulation only based upon the occurrence of two absolute conditions: (1) that the trial would be bifurcated as to liability and damages with separate juries deciding each; and (2) that the damages phase would be tried before the liability phase. Absent from these was any limitation that the stipulation would apply only to that trial. Because the Borough expressed no such intent that the stipulation be used solely to narrow the factual issues disputed by the parties or that it be limited only to use at that trial, the Borough's application is denied.

Finally, the Borough does not contend that it was induced fraudulently to assent to such stipulation, which would be the only other basis, under case law, to allow the Borough to abandon its stipulation of liability. *See, Wheeler, supra.*

### Holding the Borough to its Prior Stipulation Would Not Result in "Manifest Injustice"

■ A stipulation entered into before a trial is analogous to a pretrial order issued under Rule 16 of the Federal Rules of Civil Procedure, which can be modified subsequently, only "to prevent manifest injustice." *Hunt v. Marchetti,* 824 F.2d 916 (11th Cir. 1987). To determine whether a denial of the Borough's application to withdraw its prior stipulation of liability would result in "manifest injustice" this Court considers the elements of prejudice as they would affect the parties and court upon the grant or denial of this motion.

### Prejudice to the Borough

■ The Borough argues that it will be impermissibly prejudiced if it is not allowed to contest its liability to Waldorf at this third trial. At oral argument the Borough's lawyer claimed that he had, since being retained, reviewed evidence not presented by his predecessor at the first, liability-contested trial. Counsel argues that this recently-reviewed evidence could negate the Borough's liability to Waldorf. This Court requested the Bor-

ough to submit a supplemental brief describing the nature of this evidence, to which Waldorf was permitted to respond. The Court has reviewed these submissions, and finds that the Borough would not be impermissibly prejudiced if held to its stipulation.

The Borough asserts that, if permitted, it would introduce evidence that could negate the Borough's liability to Waldorf on three bases of liability considered by the court at the first trial. The Borough argues that this evidence was not presented by its counsel at the first trial, and that it would be unfair to prevent the Borough's present counsel to submit this evidence.

The first item of evidence proffered by the Borough concerns whether the traffic light in question, when constructed in May of 1962, was illegal for failing to have two light "faces" in each direction, as required by the *United States Department of Commerce Manual on Uniform Traffic Control Devices for Streets and Highways* (June 1961) ("the *Manual*"), which Waldorf claims applied to the light in question. The *Manual* was adopted, by the Director of the Division of Motor Vehicles of New Jersey on January 2, 1962, pursuant to N.J.Stat.Ann. § 39:4–120 (West 1982), to govern the type of traffic light that legally could be installed by New Jersey municipalities. The Borough now contends that it can prove that the light was not illegal when constructed, by establishing that the requirements of the *Manual* did not become binding on municipalities until September, 1964, long after the light was constructed, and that the Borough had no reason to know that the requirements of the *Manual* would apply before that date.

In support, the Borough has provided a copy of a September 15, 1964 letter from Gerald J. Driscoll, addressed to "Sir" ("the Driscoll Letter") which reads,

> As of this date, the Director of Motor Vehicles will process municipal applications for traffic signals on county and local roadways in accordance with the procedures described in the *New Jersey Manual on Traffic Signal Application Procedures for Local Officials,* a copy of which is attached for the information and guidance of your governing body.

(emphasis added). The Borough contends that the Driscoll Letter is proof that the *Manual,* and its requirements, were not applicable when the traffic light was constructed and erected. However, the New Jersey Manual of the Driscoll letter is not the same *Manual* promulgated by the federal government, outlining the requirements of faces of traffic lights—that the plaintiff Waldorf claims the Borough failed to follow. What the Driscoll letter proves, if anything, is that the New Jersey Manual on Application Procedures was being considered by the Division of Motor Vehicles in 1964 when municipalities applied for approval of traffic lights. This is not *the,* nor any, issue in this case. Because that Manual is not the same *Manual* that is the basis of alleged liability of the Borough, the Driscoll Letter could not be evidence to negate such responsibility. The Borough can not be prejudiced by the Court's denial of irrelevant evidence.

Moreover, at the first trial Waldorf argued that the light was illegal because, in addition to failing to comply with the *Manual,* the Borough had not obtained the required approval of the State before constructing the light. The Driscoll letter would provide no basis for refuting the Borough's purported liability as to this theory of liability.

The second item of evidence offered by the Borough relates to Waldorf's contention at the first trial that the Borough was liable to him for failing to have a preventive maintenance plan that could have avoided the accident. The Borough would seek shelter from tort immunity under N.J.S.A. § 59:2–3(c). Specifically, had the Borough exercised discretion in determining not to have a preventive maintenance plan at the time of the light malfunction and the resulting accident? If the Borough had decided, as an exercise of discretion, that no plan was necessary, then the Borough would be immune from liability. The Borough now states that it can prove by testimony of a former Borough official that it had considered, and had decided not to create such a plan. The Borough does not offer any affidavit or certification from this unnamed person giving the barest outline of what that testimony might be, and does not

explain why such testimony was not offered years ago at the first trial.

The Borough offers a third item of evidence concerning its alleged responsibility to Waldorf for failing to have emergency signs warning of the malfunctioning traffic light. At the first trial, the issue was litigated whether the Borough's failure to equip its police with emergency signaling devices was the result of a policy-making decision involving the balancing of competing interests—in which case the Borough would be immune—or whether the Borough's failure to so provide was merely the result of its failure to consider the question—in which case the Borough would not be immune from liability. The Borough now claims that a former Borough official will testify that the decision to not equip the police with such devices was a policy-exercising decision, rather than an oversight. Again, the Borough does not submit any supporting affidavit by the former official and does not explain why such evidence was not offered years ago at the first trial.

### The Borough's Lack of Due Diligence

In answer to the Borough's argument that it would be unjust to preclude the Borough from adducing this evidence at this third trial, Waldorf suggests the applicability of Rule 60 of the Federal Rules of Civil Procedure, which governs applications for relief from judgments or orders, based upon, *inter alia,* newly-discovered evidence. While the Borough is not applying for a new trial, the essence of its argument is that prejudice would result in not allowing it to contest liability based upon the above-discussed evidence that the Borough's most-recently retained counsel has reviewed; such evidence having not been submitted at trial by the Borough's earlier lawyer. Waldorf accuses the Borough of failing to be duly diligent in obtaining, marshalling and seeking to offer this evidence. Rule 60 of the Federal Rules of Civil Procedure provides that,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons.... (2) newly discovered evidence which by *due diligence* could not

have been discovered in time to move for a new trial under Rule 59(b); ...

Fed.R.Civ.P. 60 (emphasis added). The Court agrees with Waldorf. The Borough has not demonstrated due diligence. It seeks to offer evidence that probably has been available to it since the time of the first trial. It has given no explanation why such evidence was not offered at that time, other than to suggest that the Borough's new lawyer may be more impressed with certain evidence than his predecessor. Such is not an adequate explanation. Logically, it would lead to the right to relief based only upon evidential rethinking and other morning-after quarterbacking by successive trial counsel.

### Other Prejudice

From Waldorf's perspective, liability has not been an issue in the case for more than two years. Waldorf represents that there has been no discovery on liability issues during that time, nor contact with any liability witnesses. The whereabouts and availability of witnesses would have to be determined. Plaintiff argues that, because of this lapse in time, it would take longer to become trial-ready for a trial on liability. He reminds us that the Court of Appeals' mandate was to "remand this case for a new trial on damages." *Waldorf v. Shuta,* at 3 F.3d 713. Including a trial of the Borough's liability would add further delay to Waldorf, a severely-injured man who has been awaiting a final resolution of this case for a decade, while, conversely, the Borough is not subject to penalty for delay in the disposition of this case. For example, under the Tort Claims Act, the Borough is not liable to Waldorf for prejudgment interest in the event of an adverse judgment. Waldorf would be unfairly prejudiced if the Borough's motion is granted.

Judicial resources would be prejudicially burdened if the Borough is permitted to change the course of this litigation at this late date. Our courts, trial and appellate, have to date expended substantial time and resources with this matter. Judicial resources would be conserved best by initially having a damages-only trial, which will last approximately one week. In all likelihood,

based upon discussion with counsel for all parties, the individual drivers and the Borough, a combined liability and damages trial will consume three to four trial weeks, minimally.

 Moreover, the integrity of the judicial system would be compromised if the Borough's present counsel were allowed to take this 12–year–old case in a variant direction, merely because he would have tried it differently, had he been present at the outset. Such concern underlies the concept of judicial estoppel. The doctrine precludes a party from assuming a position in a legal proceeding that contradicts, or is inconsistent with, a previously asserted position, especially if the newly asserted position has a prejudicial effect on the other party and court. *See,* 18 *C. Wright, A. Miller, & E. Cooper Federal Practice and Procedure* § 4477 (1981). According to the United States Court of Appeals for the Third Circuit, the doctrine "looks to the connection between the litigant and the judicial system, preserving the integrity of the courts by preventing litigants from 'playing fast and loose with the courts.'" *See, Fleck v. KDI Sylvan Pools, Inc.,* 981 F.2d 107 (3d Cir.1992) (citing *Scarano v. Central R.R. Co.,* 203 F.2d 510 (3d Cir.1953) (other citations omitted)). *See generally,* 18 *Wright & Miller* § 4477 (1981).

To allow the Borough to travel a "new" route, which was readily available for a decade, but which deliberately was not taken, is to countenance "playing fast and loose with the Courts" which this Court will not permit a party that has not demonstrated due diligence, to do. A contrary result would unfairly prejudice the plaintiff Waldorf and the judicial system.

Moreover, permitting the Borough to second-guess itself and contest liability would offend analogously the Law of the Case doctrine and its corollary, the Mandate Rule.

 Law of the Case rules were judicially developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. 18 *Wright, et al, Federal Rules and Practice* § 4478 (1981). Law of the Case principles are rules of practice resting upon good sense and the desire to "protect both court and parties against the burdens of repeated reargument by indefatigable diehards." *Id.*

 Under the Law of the Case Doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. *See, e.g., Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162 (3d Cir.1982). Here, the issue of liability had been "decided" by voluntary stipulation of the defendant. It had been removed from judicial consideration at the urging of the Borough; such removal was not complained of before the Court of Appeals on review.

 Corollary rules have developed under the doctrine for the purpose of maintaining consistency and to avoid the reconsideration of matters once decided during the course of a single continuing lawsuit. *See, Casey v. Planned Parenthood of Southeastern Pennsylvania,* 14 F.3d 848, 856 (3d Cir. 1994) (citing 18 *Wright, et al., Federal Rules and Practice* § 4478 (1981)). According to the Court of Appeals for the Third Circuit,

of these rules, the most compelling is the mandate rule. This fundamental rule binds every court to honor rulings in the case by a superior court. As the Supreme Court has stated, "In its earliest days this Court consistently held that an inferior court has not power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 306 [68 S.Ct. 1039, 1040, 92 L.Ed. 1403] (1948).

*Id.*

The Court of Appeals for the Third Circuit vacated the judgment entered for Waldorf by the district court after the second trial. The mandate of the appellate court was,

for the foregoing reasons, we will vacate the judgment and remand this case *for a new trial on damages.*

*Waldorf v. Shuta,* 3 F.3d 705, 713 (3d Cir. 1993) (emphasis added). The Court of Appeals has directed this Court to hold a new trial to determine the extent, if any, of Waldorf's damages. According to the Supreme Court, "a mandate is controlling as to matters within its compass...." *Quern v. Jor-*

*dan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1149 n. 18, 59 L.Ed.2d 358 (1979). The Mandate Rule forecloses the Borough from contesting here its liability vis-a-vis the Borough.

## A Bifurcated Trial Would Not Be Unworkable

The Borough argues, correctly, that this Court still must have a trial on the issue of liability of other parties even if the damage phase of the trial proceeds first. Such a trial will be necessary to apportion the damages among the multiple tortfeasors. However, the Borough argues that this will result in significant problems. The Borough labors under a misapprehension as to the trial structure.

It will be bifurcated into issues of liability and damages with separate juries; the trial of the damages issue beginning first. All of the party defendants will participate in the damages phase of this third trial. In the event of the return of a damages verdict, a new jury will be empaneled and the trial of liability will begin at which the Borough can present its cross-claims against any appropriate defendant.

## Conclusion

The Borough argues that its stipulation became a nullity when the trial verdict was reversed and remanded. That is not so.

A stipulation is binding on parties at subsequent trials unless: (1) it was made as the result of a mistaken belief of law; or (2) was expressly limited to a particular proceeding; or (3) a party was fraudulently induced into making it. The Borough's does not fall within any of these categories.

A stipulation should remain binding at a retrial unless doing so would result in "manifest injustice." The Borough argues that it will be manifestly unjust to bind it to the stipulation because the defendant will be prevented from introducing evidence that could avoid liability. The simple answer is that the proffered evidence is irrelevant to the issue. Additionally, and importantly, the Borough has not demonstrated due diligence in obtaining, marshalling and seeking to offer such evidence. The Borough will not suffer manifest injustice in being held to its stipulation. Conversely, if the Borough is allowed to withdraw the stipulation, the plaintiff Waldorf and to a lesser extent, the judicial system, will suffer impermissible prejudice.

The application of defendant, the Borough of Kenilworth, to withdraw the stipulation not to contest its liability to plaintiff Mark Waldorf is therefore DENIED. An appropriate order follows.

## ORDER

This matter having been brought before the court on the application of the defendant, the Borough of Kenilworth, to withdraw its stipulation of liability to plaintiff Mark Waldorf, and based upon the oral argument, held December 5, 1994 and the submissions of the parties, the application is DENIED.

Further, pursuant to 28 U.S.C.A. § 1292(b), the Court is of the opinion that the subject matter of this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and therefore an immediate appeal thereof may materially advance the ultimate termination of this litigation.

**SO ORDERED.**