**CENTRAL DISTRIBUTORS, INC.,**
Appellant,

v.

**M. E. T., INC., and Joseph Nellis,**
Appellees.

**No. 24310.**

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1968.

appellant, Central Distributors, Inc., (Central hereinafter). The suit was brought under the district court's diversity jurisdiction. The complaint was based upon a license agreement between Central and the appellee (MET hereinafter), whereby Central agreed to lease space and establish a hardware store in a Hialeah, Florida, shopping center developed by MET. The agreement provided that the initial lease would extend from November 15, 1963, through November 30, 1966, with Central reserving the option to terminate the agreement at the end of the first year's operation if the store's gross retail sales amounted to less than $350,000. It also provided that MET would purchase, at Central's option, the store's fixtures and stock-in-trade should Central elect to terminate on this basis. The appellee Joseph Nellis executed a guaranty insuring MET's performance with respect to the purchases.

The store's total gross retail sales for the first year's operation amounted to less than $350,000 and Central elected to terminate the agreement and to sell the stock-in-trade to MET. On December 10, 1964, Central gave written notice of its plans to MET and Joseph Nellis. Both MET and Nellis ignored the notice, and Central thereafter filed this action for damages in the district court. The complaint alleged that MET had refused to make the promised purchases and that Joseph Nellis had ignored the demands made upon him as MET's guarantor.

Our attention is focused on paragraphs 23 and 42 of the license agreement, as these paragraphs set forth the conditions and procedures relevant to the disposition of the stock-in-trade and fixtures. Paragraph 42 requires Central to give MET thirty days notice in writing if the license agreement is to be terminated on the basis that the first year's sales amounted to less than $350,000. Incorporated within this paragraph are the terms of paragraph 40 which direct Central and MET to mutually inspect and inventory the stock-in-trade prior to MET's purchasing it at a price to be based upon and determined from this

Carl K. Hoffman, Miami, Fla., for appellant.

Joseph Nellis, pro se.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

We review on appeal and reverse an order of the district court dismissing with prejudice a complaint filed by the

inventory. Paragraph 23 obligates MET to purchase the display cases and other fixtures used in the operation of the store, paying an amount equal to Central's investment in the fixtures, less the amount of any reserve claimed thereon for depreciation and amortization purposes.

Prior to trial the attorneys for the respective parties were ordered to appear for a pre-trial conference. They were also directed to meet prior to the scheduled pre-trial conference to examine all exhibits and documents proposed to be used (for other than impeachment purposes) at trial. A pre-trial stipulation was filed with the court, was approved and incorporated into a pre-trial order. On May 24, 1966, the case was heard by the district judge sitting without a jury.

During the course of the trial Central's attorney offered into evidence certain invoices and inventory lists that had not been exhibited at pre-trial nor listed as exhibits in the pre-trial stipulation. The invoices represented charges for the fixtures installed by Central. The court sustained MET's objection to the introduction of these invoices on the basis that the invoices had not been included in the pre-trial stipulation and thus could not be introduced as evidence. Central's general manager testified that the value of the fixtures was approximately $20,-000 but this testimony was excluded on the basis that this valuation was founded on records neither in evidence nor listed on the pre-trial stipulation, rather than on the witness' own recollection. Central's attorney then informed the court that he had the records necessary and essential to prove Central's damages, and asked that the pre-trial stipulation be amended to permit their inclusion. This request was denied. A later attempt by Central to introduce inventory lists met a similar fate. Although the pre-trial stipulation referred to "an inventory dated January 1, 1965", Central attempted to bring additional lists into evidence. When these additional lists were excluded, Central asked that the pre-trial stipulation be amended in order to prevent manifest injustice. Once more, the court refused to permit amendment of the stipulation.

When Central completed presentation of its case, the court granted MET's motion for an order of dismissal under Rule 41(b), F.R.Civ.P. on the basis that Central had failed to introduce any competent evidence to sustain its burden of proving damages. The district judge concluded that the court would, in view of the evidence, have to resort to speculation, guesswork, and conjecture in order to award Central anything other than nominal damages. Subsequent motions filed by Central for a new trial and for amendment of the dismissal order and findings of fact were denied.

We have carefully reviewed the record in this case and conclude that the district judge should have allowed the pre-trial stipulation to be amended. Rule 16 of the Federal Rules of Civil Procedure states that the pre-trial order governs the subsequent course of an action unless modified at trial to prevent manifest injustice. It has been suggested that proper treatment of the pre-trial order after entry requires an appropriate balance between firmness to preserve the essential integrity of the order, and adaptability to meet changed or newly discovered conditions or to respond to the special demands of justice.[1]

 The position of this Court was clearly stated in Laird v. Air Carrier Engine Service, 5 Cir. 1959, 263 F.2d 948, 953, where Judge Brown noted that the court has an *obligation* [emphasis ours], in addition to having the right, to relieve counsel of pre-trial stipulations where such relief is necessary to prevent manifest injustice. When a modification of the stipulation is allowed, the court is responsible for seeing that suitable protective terms are imposed to prevent substantial and real harm to the adverse party.

1. Christenson, The Pre-Trial Order, 29 F.R.D. 191, 371 (1961).

In the case before us, Central sought to introduce certain records in order to prove damages. The exclusion of these records from evidence on the basis that they were not listed as exhibits in the pre-trial stipulation was critical and decisive. This ruling, if allowed to stand, effectively bars a meaningful examination of the only real issues present.

 We agree that the pre-trial order and the stipulations incorporated therein should, where reasonably possible, govern the course of a trial. When a party desires to amend the stipulations, the court should consider the effect that such amendment, if granted, would have upon the rights of the parties and the disposition of the business of the court. The record in the case before us indicates that MET, in spite of notice from Central, refused to cooperate or participate in taking the inventory specified by the license agreement. MET apparently chose rather to leave the inspection, inventory and disposition of the stock-in-trade to Central. A stipulation of counsel originally designed to expedite a trial should not be rigidly adhered to when it becomes apparent that it may inflict manifest injustice upon one of the subscribers thereto. See Maryland Casualty Co. v. Rickenbaker, 4 Cir. 1944, 146 F.2d 751. This was a non-jury trial and a short continuance could have been ordered if necessary to guard against unfair surprise without any great disruption of calendars or waste of court time. The Rules of Civil Procedure were adopted in an effort to put an end to the sporting theory of justice. The result reached here has precisely the opposite effect: the sporting theory of justice is resurrected and revitalized. This, we conclude, should not be permitted.

For the reasons stated herein and in view of the relatively slight inconvenience that would have resulted to the parties and the court had the requested amendments been granted, we reverse the judgment of the district court and remand for a new trial.