Pete A. MORRISON,
Plaintiff-Appellant,
Cross-Appellee,

v.

GENUINE PARTS COMPANY,
Defendant-Appellee,
Cross-Appellant.

Nos. 86–7480, 86–7521.

United States Court of Appeals,
Eleventh Circuit.

Sept. 28, 1987.

Joe R. Whatley, Falkenberry, Whatley & Heidt, Birmingham, Ala., for plaintiff-appellant, cross-appellee.

Paul Beshears, Smith, Currie & Hancock, George McPherson, Atlanta, Ga., for defendant-appellee, cross-appellant.

Before HATCHETT and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

■■■ Morrison filed this action against his employer, Genuine Parts Company ("Genuine Parts"), alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Morrison alleged two violations: (1) that Genuine Parts failed to promote him; and (2) that Genuine Parts constructively discharged him. The case went to trial by jury, and at the close of Morrison's case, the court directed a verdict against Morrison on the constructive discharge claim. The jury returned a verdict in Morrison's favor on the promotion claim. The parties had stipulated to the amount of damages on the promotion claim, namely $3,566.62, although the district court later found that Morrison's actual damages were only $92.25. Morrison also claimed liquidated damages, which under the relevant statute amounts to a doubling of the actual damages.

The district court awarded plaintiff $3,566.62, pursuant to the stipulation on the promotion claim, plus $92.25 in liquidated damages. In effect, the district court held Genuine Parts to its stipulation as to the amount of actual damages notwithstanding the fact that the stipulation was in error. However, to avoid doubling the effects of the error, the district court relieved Genuine Parts from the effect of its stipulation with respect to liquidated damages.

The only issue on appeal that warrants discussion [1] is Morrison's argument that the district court abused its discretion in relieving Genuine Parts from the effect of its stipulation on the calculation of liquidated damages. Because the district court has broad discretion in determining whether to hold a party to its stipulation, *Coastal States Marketing, Inc. v. Hunt*, 694 F.2d 1358, 1369 (5th Cir.1983), *relying on Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 178 (5th Cir.1979) (holding that "trial judge is vested with broad discretion in determining whether ... a pre-trial order should be modified or

---

**1.** Morrison also challenges the district court's direction of a verdict in favor of Genuine Parts on the constructive discharge issue. That issue is controlled by *Wardwell v. School Board of Palm Beach County*, 786 F.2d 1554 (11th Cir. 1986) (holding that mere failure to promote is not sufficient to support a finding of constructive discharge). The district court having properly determined that there was no constructive discharge in this case, it is apparent that the termination of Morrison's employment resulted from voluntary resignation. Accordingly, the district court was also correct in denying front pay and reinstatement. The other issues raised on appeal are without merit and warrant no discussion.

amended."),[2] we find no error here. We conclude that the district court was acting well within its discretionary and equitable powers in refusing to relieve Genuine Parts from its erroneous stipulation with respect to actual damages, and in relieving Genuine Parts from this stipulation with respect to liquidated damages. The district court could have concluded that while holding Genuine Parts to its stipulation with regard to actual damages was appropriate under the circumstances, a doubling of the erroneous stipulation would have resulted in the kind of "manifest injustice" disapproved in *Central Distributors, Inc. v. M.E.T., Inc.*, 403 F.2d 943, 945 (5th Cir. 1968). Under such circumstances the district court had discretion to relieve Genuine Parts from its stipulation with respect to liquidated damages.

AFFIRMED.

2. The *Coors* case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).