**SAM GALLOWAY FORD, INC., Plaintiff,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant.**

**No. 90–296–CIV–FTM–17(D).**

United States District Court, M.D. Florida, Fort Myers Division.

June 22, 1992.

Loula Moore Fuller, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, Fla., Patrick Emmett Geraghty, Sr., Smith, Geraghty & Coleman, Ft. Myers, Fla., for plaintiff.

Louis Schulman, Butler, Burnette & Pappas, Tampa, Fla., for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause comes before the Court on two motions filed by the plaintiff, Sam Galloway Ford, Inc. ("Galloway"), both of which are opposed by the defendant, Universal Underwriters Insurance Company ("Universal"). In addition, this Order recognizes both parties' Motions for Summary Judgment. This Order responds to the following pleadings: (1) Galloway's Motion For Stay, filed on February 20, 1992, (2) Galloway's Motion to Set Aside Portions of the Stipulation, filed on May 11, 1992, (3) Galloway's Motion for Partial Summary Judgment Regarding Liability, filed on January 15, 1992, (4) Universal's Motion for Summary Judgment, filed on January 15, 1992, and (5) memoranda in support and in opposition to each of the above.

## CASE HISTORY

In August 1989, the Florida Department of Environmental Regulation (DER) began an administrative proceeding against Galloway Ford alleging that an underground fuel tank on Galloway's property was leaking gasoline. In August, 1990, Galloway brought this action against Universal, Galloway's insurer, for damages under a comprehensive general liability insurance policy. Among the many issues in this case are several clauses in the insurance policy that Universal contends will exclude the leaking fuel tank from coverage.

## ORDER ON MOTION FOR STAY

█ This cause comes before the Court on the plaintiff's motion to stay this proceeding pending publication of the Florida Supreme Court's decision in *Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Insurance Corp.*, Case No. 78,293 (Fla. 1991). The plaintiff, Sam Galloway Ford, Inc. (Galloway), filed the motion for stay on February 20, 1992. The defendant, Universal Underwriters Insurance Company (Universal), filed its opposition to the motion on March 3, 1992.

The *Dimmitt* court is scheduled to answer a certified question from *Industrial Indemnity Ins. Co. v. Crown Auto Dealership, Inc.*, 935 F.2d 240 (11th Cir.1991). The certified question reads:

Whether, as a matter of law, the pollution exclusion clause contained in the comprehensive general liability insurance

policy precludes coverage to its insured for liability for the environmental contamination that occurred in this case. *Industrial Indemnity* at 243. However, the Eleventh Circuit Court of Appeals does not intend for its phrasing of the question to limit the Supreme Court of Florida in considering any of the issues found in the case. *Id.*

Galloway argues that the *Dimmitt* decision may be dispositive of this case if the Florida Supreme Court finds the "sudden and accidental" exception to the pollution exclusion clause to be facially ambiguous. Galloway adds that, if the "sudden and accidental" exception is held not to be facially ambiguous, then the *Dimmitt* decision may nevertheless be helpful in applying the exception to the present case.

The Eleventh Circuit has held that, for this Court to grant a motion for stay, the movant must show "exceptional circumstances." *American Manufacturers Mutual Insurance v. Stone,* 743 F.2d 1519, 1525 (11th Cir.1984). In addition, this Court must evaluate motions for stay "in light of the court's strong obligation not to dismiss or postpone the federal claim ..." *Id.* at 1525.

In this case, Galloway has failed to show exceptional circumstances. There are approximately nine issues in this case. The motion for stay is based upon the issue of whether the pollution exclusion clause of the liability insurance policy precludes coverage to its insured for liability for the alleged environmental contamination. Although this issue has the propensity to be dispositive, many of the other issues may also be dispositive. The pollution exclusion issue need not be approached by this Court if one of the many other issues is independently dispositive. This Court does not view helpful precedent regarding a single issue as an "exceptional circumstance" when there are multiple issues to be decided and when many of those issues have an inclination to be dispositive.

In addition, the alleged leaks in the present case came from underground storage tanks, whereas the Florida Supreme Court's decision in the *Dimmitt* case will deal with leaks that came from an above-ground pond that may not have been lined properly. Although the *Dimmitt* decision will probably be useful in deciding the case at bar, this factual distinction, along with others, tend to indicate that the *Dimmitt* case will probably not act as direct precedent on the *Galloway* case. The interests of judicial economy require that this trial should not be delayed by a decision that may or may not be partially precedential.

Thus, because of the factual distinctions, and because the *Dimmitt* court will probably deal with only one of the many issues in the present case, this Court holds that the pending *Dimmitt* decision does not constitute the type of "exceptional circumstances" that are required to grant a motion for stay. This Court notes, however, that the Florida Supreme Court may decide the *Dimmitt* case before the present case goes to trial. If so, this Court will certainly rely upon the Florida Supreme Court's decision to whatever extent that it is precedential to the case at bar.

## ORDER ON MOTION TO SET ASIDE PORTIONS OF THE STIPULATION

■ This cause comes before the Court on Galloway's Motion to Set Aside Portions of the Stipulation. This motion was filed on May 11, 1992, and is based upon the following alleged factual inaccuracies in the Pretrial Stipulation: (1) the two underground storage tanks were allegedly installed before 1978, rather than in 1982 as the Stipulation indicates, and (2) Universal Underwriters allegedly provided general liability coverage from 1972 until 1978, in addition to providing coverage after 1982, rather than providing coverage only after 1982 as the Stipulation indicates.

Galloway argues that the motion should be granted since it has newly discovered evidence that indicates that these portions of the Stipulation are incorrect. Galloway points out that these errors are possibly outcome determinative and that, as such, a decision denying the motion to set aside portions of the Stipulation would be manifestly unjust.

Universal counters that a party should only be released from a stipulation when it would be manifestly unjust for the court not to do so. Universal argues that it would not be manifestly unjust to deny this motion since Galloway had the newly discovered evidence under its control at the time the Stipulation was entered into. Universal adds that Galloway had access to the "new" evidence at the time of the Stipulation, and that Galloway should have been more careful in its investigations before agreeing to the Stipulation. Finally, Universal points out that it will be unfairly prejudiced if this motion is granted since Universal has spent significant time and money in conducting discovery and negotiating the Stipulation.

Both sides agree that this Court's ruling on this motion is pivotal in that the disputed portions of the Stipulation may be outcome determinative. The gasoline contamination may have occurred before 1978. Assuming Galloway can show (1) that the tanks were installed before 1978, (2) that Galloway was insured before 1978, and (3) that the policy that existed before 1978 provided broader coverage than the current policy, then Galloway will have a better chance of prevailing in this action if this motion is granted.

■ Parties generally enter into pretrial stipulations for the purpose of promoting judicial economy by dispensing with matters that are not at issue. *Carnegie Steel Co. v. Cambria Iron Co.*, 185 U.S. 403, 22 S.Ct. 698, 46 L.Ed. 968 (1902); *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir.1980), *cert. denied*, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980). This Court has an independent duty to determine the accuracy of the Stipulation. *Smith v. Blackburn*, 785 F.2d 545 (5th Cir.1986). The Eleventh Circuit Court of Appeals has held that when a party discovers that it has erroneously stipulated to facts that do not reflect the genuine state of affairs, the trial court has broad discretion in setting aside the erroneous stipulations. *Morrison v. Genuine Parts Co.*, 828 F.2d 708 (11th Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1025, 98 L.Ed.2d 990 (1988). This Court may set aside portions of the Stipulation if it is reasonable to do so, or if failure to do so would create manifest injustice. *Morrison*, 828 F.2d at 708. *See also Smith v. Blackburn*, 785 F.2d 545 (5th Cir.1986); *Cates v. Morgan Portable Building Corp.*, 780 F.2d 683, 690 (7th Cir.1985); *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980), *cert. denied*, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980). However, this Court should not set aside the Stipulation if doing so would *unfairly* prejudice the opposing side. *Carnegie*, 185 U.S. at 444, 22 S.Ct. at 714; *Brast v. Winding Gulf Colliery*, 94 F.2d 179, 182 (4th Cir.1938).

■ Courts should generally encourage stipulations since doing so promotes judicial economy by avoiding litigation of agreed upon facts. One way for courts to encourage parties to stipulate is for courts to readily set aside stipulations when parties discover that the stipulations are erroneous. This willingness on the part of courts to set aside stipulations encourages parties to stipulate since the parties feel more confident that courts will set aside the stipulations if there is a reasonable basis to do so. Such a reasonable basis arises when a party discovers that the stipulations are erroneous, or when the parties find new evidence that tends to contradict the stipulated facts. This Court recognizes the importance of being willing to set aside stipulations in order to encourage parties to stipulate.

■ In addition, justice requires that erroneous stipulations be set aside so that cases may be decided on the merits. Justice can not be done unless the *actual facts* of the case go to trial, and this Court is not interested in erroneous facts going to trial due to a pretrial stipulation that was made before the true facts were completely discovered and brought to light. Although Galloway should not have entered into stipulations before it was sure of what it was stipulating to, Galloway should not be punished due to this oversight on the part of its attorneys—especially when the stipulated facts in question may determine the outcome of the case.

For the reasons stated above and in accordance with the cases cited above, this Court holds that it would be manifestly unjust to hold the plaintiff to its erroneous stipulations, and that setting aside the erroneous stipulations of Galloway would not be unfairly prejudicial to Universal.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Since this court is granting Galloway's Motion to Set Aside Portions of the Stipulation, both sides' Motions for Summary Judgment are no longer ripe. In order to hear both Motions for Summary Judgment, each side may need to conduct further discovery. In addition, the Motions for Summary Judgment may no longer be appropriate in light of the new composition of the Stipulation. Consequently, this Court denies both Galloway's and Universal's Motions for Summary Judgment and grants leave to refile each.

Accordingly, it is

ORDERED that plaintiff's Motion For Stay be denied; it is further,

ORDERED that plaintiff's Motion to Set Aside Portions of the Stipulation be granted as to those portions sought to be set aside; it is further,

ORDERED that plaintiff's Motion for Partial Summary Judgment Regarding Liability be denied without prejudice; it is further,

ORDERED that defendant's Motion for Summary Judgment be denied without prejudice; it is further,

ORDERED that the order setting the trial date be vacated; it is further,

ORDERED that the order setting the deadline for discovery be vacated.

DONE AND ORDERED.