Jeffrey DARWISH and Bonnie Darwish, Plaintiffs–Appellants,

v.

TEMPGLASS GROUP, INC., Jeffrey D. Chapman, and TG, Inc. Defendants–Appellees.

No. 99–6191.

United States Court of Appeals, Sixth Circuit.

Jan. 4, 2002.

involving a truck owned and operated by one of the defendant corporations and driven by defendant Jeffrey Chapman. Plaintiffs served their complaint on a company they believed to be the operator of the truck. Tempglass Group, Inc., an Ohio corporation, and unsuccessfully attempted to serve the driver. Tempglass Group, Inc. was formed via an asset purchase of the assets of "Tempglass, Inc.," since renamed "TG, Inc." (hereinafter TG). As part of the asset purchase (effected in October, 1993, some months after the accident in question), the purchasing company, then called "Fin–By–Me, Inc.," was entitled to use the word "Tempglass," and changed its name to Tempglass Group, Inc. (hereinafter Tempglass Group). TG, not the *new* Tempglass Group, owned and operated the truck involved in the accident and employed Chapman.

Tempglass Group did not file an appearance or answer to plaintiffs' complaint within the alloted time. Plaintiffs filed a motion for entry of a default and for default judgment of $2,000,0000 against Tempglass Group on December 13, 1994. When the clerk entered the default and sent notice of the motion for default judgment to Tempglass Group, the complaint was sent to Tempglass Group's insurance company and counsel. A motion to set aside the default was filed together with a motion for leave to file an answer out of time. After discussion between Tempglass Group's counsel and plaintiff's counsel, in which it was represented that the truck had rear-ended the Darwishes' car. Tempglass Group entered into a stipulation with the Darwishes in January 1996 under which the plaintiffs agreed to an order withdrawing the entry of default in exchange for Tempglass Group's stipulation that it was the employer of the truck driver at the time of the accident and admitting liability for the accident. How-

Before KENNEDY, GUY and BOGGS, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs, citizens of Kentucky, were injured in an accident on April 30, 1993,

ever, in November 1996, Tempglass Group moved to set aside the stipulation and add third-party defendants TG and National Union Fire Insurance Co. (the earlier Tempglass. Inc.'s [now TG], insurance carrier).

On referral from the district court, a magistrate judge recommended setting aside the stipulation. The district judge adopted the recommendation to set aside the stipulation, but not the recommendation to set aside the default. Counsel for defendant Tempglass Group was permitted to move to set the default aside and in response to the motion, the court set aside the default after finding that the amended complaint against TG related back, so that the statute of limitations had not run. The parties agreed to a trial before the magistrate judge and to a bifurcated trial on liability. This trial resulted in a jury verdict for defendant TG and Chapman. The plaintiffs' motion for a new trial was denied. The Darwishes appeal that denial as well as the district court's decision to set aside Tempglass's stipulation and default.

We find that the plaintiff is not entitled to a new trial, nor to a directed verdict against TG. In addition, we find the district court did not abuse its discretion in setting aside the stipulations and default.

## I. FACTS

The accident occurred when Plaintiffs' car and a tractor trailer operated by Jeffrey Chapman, an employee of TG, collided at the intersection of I–471 and I–275 near Cincinnati, Ohio. The plaintiffs sustained major injuries, and have no memory of the collision. The police report of the accident listed the owner of the truck as "Tempglass, Inc." located in Perrysburg, Ohio, Plaintiffs' counsel relied on this when preparing the complaint. Counsel called Tempglass *Group,* and spoke to its controller, who gave him the company's full legal name, "Tempglass Group, Inc.," and its correct address.

Tempglass Group's controller received service of plaintiffs' complaint in early November, 1995. The controller, Eric Halterman, looked for an in-house accident report but found none, and took no further action on the summons and complaint. When Halterman received notice that a default judgment would be entered, he contacted TG's insurance carrier, National Fire (because he knew that National Fire had insured the predecessor company at the time of the accident, and that Tempglass Group's current insurer would not cover such an accident).

Concerned that the District Court judge would shortly enter default judgment against Tempglass Group, counsel retained by National Fire (under authorization of Halterman) agreed in January, 1996 to stipulations suggested by plaintiffs. These included stipulations that the driver acted negligently, that the driver was acting within the scope of his employment for Tempglass Group, and that the plaintiffs sustained permanent injury. The precise damages plaintiffs' were entitled to would be determined at trial.

In July or August of that year (according to whose version of the facts is accepted), Tempglass Group's counsel learned from a third-party administrator in Canada that Chapman (the driver) was actually an employee of TG, not Tempglass Group, and realized that Tempglass Group had come into existence after the accident. Plaintiffs argue that counsel knew earlier, because he had received an instruction document from National Fire listing Chapman's employer as "Tempglass, Inc." (as opposed to "Tempglass Group, Inc.").

## II. ANALYSIS

On appeal, plaintiffs challenge the order of the District Court setting aside the stip-

ulation as well as the default as an abuse of discretion. With respect to the jury trial before the magistrate, they argue that defense counsel's question of Jeffrey Darwish, whether Bonnie Darwish had brought a claim against Jeffrey as a result of the accident, was prejudicial error requiring a new trial. Plaintiffs further argue that the magistrate judge should have directed a verdict in their favor on the evidence presented.

## A. STIPULATION AND DEFAULT SET ASIDE

■ Plaintiffs' first claim concerns the trial court's grant of motions to set aside the stipulation and default. We review district court pretrial decisions on stipulations for abuse of discretion. *See Sam Galloway Ford, Ins., v. Universal Underwriters Insur. Co.*, 793 F.Supp. 1079, 1082 (M.D.Fl.1992); *Morrison v. Genuine Parts Co.*, 828 F.2d 708, 710 (11th Cir.1987); *Cent. Distribs., Inc. v. M.E.T., Inc.*, 403 F.2d 943, 945 (1968).[1] Similarly, a decision to set aside entry of a default is vested in the discretion of the trial court. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986).

We agree with the district court that "parties [cannot] stipulate to patently untrue facts." *FDIC v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d at 1038 n. 3 (6th Cir.1991). Tempglass Group patently did not exist at the time of the accident; therefore, Chapman could not have been its employee. Plaintiffs suggest that Tempglass Group was Chapman's employer under theories of successor corporations.[2] Though the district court made no findings on this issue, it is a question of state law on which we are prepared to rule. Tempglass Group cannot be considered a successor corporation to a corporation, Tempglass, Inc., which still exists as a going concern (albeit under a different name). The indemnification provisions of the asset sale agreement go to liability, not to the employment status of Chapman, which is one of the patently untrue facts in the stipulation.

Similarly, the stipulations concerning plaintiffs' lack of negligence as to the accident are belied by the police report and plaintiffs' own concession that the accident occurred when Jeffrey Darwish attempted an illegal U-turn across the median.

1. The First Circuit takes a different approach, reviewing such decisions under a *de novo* standard. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995). We adopt the Eleventh Circuit approach. The First Circuit case concerned appellate review of a bankruptcy court decision, and the panel applied the ordinary rules for reviewing bankruptcy court decisions but did not consider whether a special standard should apply to review of orders setting aside stipulations. We adopt the abuse of discretion standard of review at least for pretrial decisions setting aside stipulations.

2. Plaintiffs argues the asset purchaser Tempglass Group should be liable for the debts of Tempglass, Inc. under the test for successor liability of *American Railway Express Co. v. Commonwealth*, 190 Ky. 636, 228 S.W. 433 (Ky.1920) (stating that the factors to be considered are whether the new company assumes the debts and liabilities of the old company, whether the transaction amounts to a consolidation or merger, whether the new company is merely a continuation of the old business under a new name, and whether the transaction forming the new company is entered into fraudulently). That case states the general rule that "a purchaser, in the absence of a contract obligation, cannot be held for the debts and liabilities of the selling corporation." *Id.* at 441. Only the first exception to that general rule arguably applies in this case. We read the indemnification provision of the asset sale agreement to be a standard business clause, not the sort of broad assumption of liability that would be enough to justify considering the new company to be a mere continuation of the old.

The Magistrate Judge in his report and recommendation on defendant's motion to set aside the stipulation found that the prejudice to the plaintiff in setting aside the stipulation did not outweigh the prejudice to Tempglass Group in permitting the untrue stipulations to stand or the court's interest in truth and justice, a finding the district court adopted. We find no abuse of discretion.

■ We also find no abuse of discretion in the court's decision to set aside a default. Under Federal Rule of Civil Procedure 55(c), the court may do so for good cause. In determining whether a court's decision to set aside a default was guided by good cause, we look to three factors: (1) whether the entry was the result of willful or culpable conduct; (2) whether setting aside the order would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 431 (6th Cir. 1996). We agree with the District Court that a balancing of these factors weighs strongly for Tempglass Group. Tempglass Group had meritorious defenses—including the fact that Chapman was not its employee and that Jeffrey Darwish's negligence led to the accident. Plaintiffs have shown no prejudice, since they were allowed to go to trial against TG, the defendant they intended to sue, and have not argued that the delay in any way prevented them from prevailing at trial. Finally, while the conduct of Tempglass Group's representatives was certainly careless, we find no reason to overturn the District Court's decision that it was not wilful or culpable.

## B.  PREJUDICE

■ Plaintiffs seek a new trial, arguing that counsel for TG and Chapman prejudiced the jury by asking Jeffrey Darwish was it not true that his wife, Bonnie, had brought a suit against him as a result of the accident. The question was objected to and was not answered. The court sustained the objection. The plaintiff claims this question was prejudicial, as Kentucky law bars presentation of testimony concerning settlement with a joint tortfeasor. The Magistrate Judge denied the new trial motion, finding that the unanswered question did not taint the entire trial. He noted that plaintiffs withdrew their request that the jury be admonished to disregard the question. We review the denial of a motion for new trial on an abuse of discretion standard. We find no abuse here.

## C.  JURY VERDICT

■ In a diversity case, we review motions for judgment notwithstanding the verdict under state law. *King v. Ford Motor Co.*, 209 F.3d 886, 893 (6th Cir. 2000). Under Kentucky law, such a motion is granted only where "there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable minds could differ." *Washington v. Goodman*, 830 S.W.2d 398, 400 (Ky.App.1992).

In this case, there was ample evidence by which the jury could have concluded that Chapman was not negligent and that sole responsibility for the collision rested with Jeffrey Darwish. An eyewitness provided uncontested testimony that Darwish drove his car into the path of the truck while attempting to execute an illegal U-Turn on a divided section of an interstate highway. App. at 730–37. The same witness corroborated Chapman's testimony that he attempted to evade the car as soon as he spotted it. App. at 697–98, 701–02. The evidence as to Chapman's speed at the time of the accident is conflicting—with each side's experts reaching a different

conclusion—but the jury could have reasonably accepted defendant's expert's testimony.

## III. CONCLUSION

For the aforementioned reasons, the judgment of the District Court is affirmed.