Kenneth BLUM et al., Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,
Defendant.

Enno Edzards et al., Plaintiffs,

v.

Raytheon Company, Defendant.

Ulrich Behrendt et al., Plaintiffs,

v.

Lucent Technologies, Inc. and General
Electric Company, Defendants.

Karl–Heinz Schatz et al., Plaintiffs,

v.

Honeywell International, Inc.
et al., Defendants.

No. EP–07–CV–099–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 27, 2008.

Aron Uri Raskas, Philip Rogers Stein, James P. Ulwick, Steven M. Klepper, Kramon & Graham, PA, Baltimore, MD, Enrique Moreno, Law Offices of Enrique Moreno, El Paso, TX, Jonathan Auerbach, Marcus Auerbach & Zylstra LLC, Wyncote, PA, William A. Kershaw, Lyle W. Cook, Kershaw Cutter & Ratinoff LLP, Sacramento, CA, for Plaintiffs.

Carole A. Cheney, Kevin T. Van Wart, Michael Dierkes, Kirkland & Ellis, LLP, Chicago, IL, for Defendant.

Mark N. Osborn, Shelly W. Rivas, Kemp Smith LLP, El Paso, TX, for Raytheon Company, Lucent Technologies, Inc., General Electric Company, Honeywell International Inc.

Charles F. Rysavy, J. Wylie Donald, Kari B. Samuels, McCarter & English, LLP, Newark, NJ, Moyahoena N. Ogilvie, McCarter & English, Hartford, CT, for Lucent Technologies, Inc.

Joanna Shally, John C. Scalzo, Shearman & Sterling, New York, NY, Shaniek Mills Maynard, Thomas Stephen Martin, Shearman & Sterling LLP, Washington, DC, for General Electric Company.

Kurt Hamrock, Michelle L. Hylton, Raymond B. Biagini, McKenna Long & Aldridge LLP, Washington, DC, for Honeywell International Inc.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PLAINTIFFS WHO PREVIOUSLY STIPULATED TO DISMISSAL WITH LIMITED TIME TO RE-FILE

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendants Lucent Technologies, Inc., General Electric Company, Raytheon Company, and Honeywell International, Inc.'s (collectively, "Defendants") "Motion to Dismiss the Claims of Plaintiffs Who Previously Stipulated to Dismissal with Limited Time to Re-File," ("Motion") filed on May 31, 2007; Plaintiffs Harald Schwankl ("Schwankl"), Klaus Schneider ("Schneider"), Daniel Duncan ("Duncan"), Henning Schimm ("Schimm"), Donald Cox ("Cox"), Guenter Vietor ("Vietor"), and Roger Steinbauer's ("Steinbauer") (collectively, "Respondents") "Opposition to Defendants' Motion to Dismiss Previously Dismissed Plaintiffs,"[1] filed on July 30, 2007; and

---

[1] In their Response, Respondents incorporate and attach the "Motion for Relief from Stipulation" and the "Memorandum of Law in Support of Plaintiffs' Motion for Relief From Stipulation," filed on July 30, 2007, in *Norwood v. Raytheon Co.*, No. EP–04–CA–127–PRM, Docket No. 369. In addition to these pleadings, the Court will also refer to the following: Defendants' "Response in Opposition to Plaintiffs' Motion for Relief from Stipulation," filed on August 27, 2007, *Norwood* Docket No. 376; and Respondents' "Reply in Support of Plaintiffs' Motion for Relief from Stipulation," filed on September 11, 2007, *Norwood* Docket No. 384. The stipulation at the heart of the instant Motion was entered into in the *Norwood* case, as will be discussed herein. The Court will refer to these documents as the *Norwood* Motion, the *Norwood*

Defendants' "Reply in Support of Defendants' Motion to Dismiss the Claims of Plaintiffs Who Previously Stipulated to Dismissal with Limited Time to Re–File," filed on August 27, 2007, in the above-captioned cause. After careful consideration, the Court is of the opinion that the Motion should be denied for the reasons set forth below.

## I. PROCEDURAL BACKGROUND

The instant case is a consolidated action related to two other actions currently pending before the Court. Respondents, seven plaintiffs in the instant action, initially filed their claims as representatives of a class, and sought class certification in *Norwood v. Raytheon Co.*, No. EP–04–CA–127–PRM (*"Norwood"*).[2] *See* Mot. 3–4. All seven Respondents allege they were harmed by certain radar devices designed or manufactured by one or more of the Defendants. *Id.*

On September 13, 2005, the parties in *Norwood* filed a "Stipulation of Dismissal of Certain Plaintiffs' Claims Without Prejudice," ("Stipulation") in which twenty-one of the named plaintiffs ("Dismissed Plaintiffs"), including all Respondents, agreed to the dismissal of their claims without prejudice. *Norwood*, Docket No. 252. The plaintiffs in *Norwood* had filed a "Motion for Class Certification" on October 1, 2004, which motion was still pending when the parties filed the Stipulation, and the

Stipulation provided that the Dismissed Plaintiffs would "continue to maintain their claims against Defendants ... as absent members of the proposed classes." *Id.; Norwood* Docket No. 194. On September 15, 2005, the Court entered an order dismissing the claims of the twenty-one named plaintiffs pursuant to the Stipulation. The Stipulation provided,

> In the event that the Court should deny the motion for class certification, or if any court should decertify the class(es) at some later time, the Dismissed Plaintiffs may re-file their claims against Defendants, if and to the extent otherwise permitted by the governing law, within thirty days after such a ruling, or be barred from doing so.

*Norwood*, Docket No. 252.

On September 11, 2006, the Court denied the "Motion for Class Certification," which Defendants assert triggered a thirty-day deadline for the Dismissed Plaintiffs to re-file their claims. *Norwood* Memo. 2. None of the Dismissed Plaintiffs re-filed their claims within thirty days of September 11, 2006. However, five of the Respondents, Schneider, Duncan, Schimm, Vietor, and Steinbauer, re-filed their claims in *Edzards v. Raytheon Co.*, No.2006–5829, in County Court at Law Number Three, El Paso County, Texas, on December 15, 2006, which cause was removed to federal court on March 16, 2007. Docket No. 2. In addition, Schwankl and

---

Memorandum, the *Norwood* Response, and the *Norwood* Reply.

**2.** Schwankl, Schneider, Duncan, and Schimm were named plaintiffs in *Bund zur Unterstützung Radargeschädigter, e. V., v. Raytheon Co.*, No. 04–CA–08–PRM, filed on December 16, 2002, in the Western District of Texas. Mot. 3. Cox was a named plaintiff in *Crackau v. Lucent Tech.*, No. UNN–L–0139–03, filed on January 10, 2003, in the Superior Court of New Jersey. *Id.* at 3–4. Vietor and Steinbauer were named plaintiffs in *Vietor v.*

*Raytheon Co.*, No. 03–10639–JLT, filed on February 10, 2003, in the Superior Court for Middlesex County, Massachusetts and removed to the United States District Court for the District of Massachusetts on April 7, 2003. *Id.* at 4. Both *Crackau* and *Vietor* were transferred to the Western District of Texas, El Paso Division, and consolidated with *Bund zur Unterstützung Radargeschädigter* by Order of the Court on April 30, 2004. *Id.; see also Norwood*, Docket No. 139 ("Order Granting Defendants' Motion to Consolidate").

Cox re-filed their claims in *Behrendt v. Lucent Tech., Inc.,* No.2006–5827, in County Court at Law Number Three, El Paso County, Texas, on January 25, 2007, which cause was also removed to federal court on March 16, 2007. *Behrendt v. Lucent Tech., Inc.* No. EP–07–100–PRM, Docket No. 2. *Edzards v. Raytheon Co.,* No. EP–07–CV–99–PRM was consolidated with *Blum v. General Electric Co.,* No. EP–07–CV–98–PRM and *Behrendt v. Lucent Tech., Inc.* No. EP–07–100–PRM, by Order of the Court, on April 26, 2007.[3] Docket No. 15.

In their Motion, Defendants request the Court dismiss Respondents' claims in the instant action "on the grounds that their claims are expressly barred and waived by a Stipulation of Voluntary Dismissal dated September 13, 2005, wherein [they] agreed to the dismissal of their claims against Defendants" subject to the thirty-day deadline. Mot. 2. Respondents do not contest that they filed their claims outside of the thirty-day deadline set forth in the Stipulation. However, they assert that they agreed to the Stipulation only in order "[t]o streamline discovery and class-certification briefing," *Norwood* Memo. 2, and that the failure to timely re-file their claims was a result of attorney error. They argue that "the strict enforcement [of the thirty-day deadline] would disserve the interests of justice, resulting in the adjudication of claims by the sporting theory rather than on the merits." *Norwood* Memo. 2–3. Respondents request the Court grant them relief from the Stipulation, and allow for their claims to go forward. *Id.* at 3. They assert such relief "would result in no prejudice to [Defendants], but rather in the resolution of [Respondents'] claims on their merits". *Id.*

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The Court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.,* 322 F.3d 883, 885 (5th Cir.2003) (internal quotation omitted).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ———–——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)).

"A pleading may fail to state a claim upon which relief may be granted for one of two reasons." *Walker v. S. Cent. Bell Tele. Co.,* 904 F.2d 275, 277 (5th Cir.1990). "First, the law simply may not afford relief on the basis of the facts alleged in the complaint." *Id.* "Second, regardless of whether the plaintiff is entitled to relief, the pleadings may be so badly framed that the plaintiff is not entitled to a trial on the merits." *Id.*

## III. ANALYSIS

The Court begins its analysis by bearing in mind that,

**3.** All three matters are docketed under cause number EP–07–CV–99–PRM.

[t]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion.... If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

*Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966).

In this case, Respondents argue that enforcing the terms of the Stipulation, and thus barring them from prosecuting their claims, would be manifestly unjust. *Norwood* Memo 6. To support to their position, Respondents attach to the *Norwood* Motion Attorney Steven M. Klepper's "Declaration of Counsel in Support of Plaintiffs' Motion for Relief from Stipulation." *Id.* App. 1. Attorney Klepper asserts: (1) he represents Respondents; (2) the parties entered into the Stipulation in order to ensure that the number of named plaintiffs in the proposed class action would be more manageable; (3) he negotiated with Defendants' counsel in drafting the Stipulation; (4) Plaintiffs' counsel never discussed with their clients the provision barring the Dismissed Plaintiffs from re-filing their claims; and (5) the failure to re-file Respondents' claims within the thirty-day deadline set forth in the Stipulation occurred because he failed to "calendar October 11 as the deadline by which to re-file the previously dismissed plaintiffs' claims." *Id.* App. 1.

Defendants respond that they should not bear the burden of error committed by Respondents' counsel, and argue that Defendants would suffer prejudice if Respondents are allowed to prosecute their claims. *Norwood* Resp. 3–5. They argue that they are prejudiced by spending re-

sources to defend against the claims and facing potential liability on the basis of the claims. *Id.* at 5.

## A. Construction of the Stipulation

Respondents assert that the "effect of the Stipulation is a matter committed to the sound discretion of the Court." *Norwood* Memo 5. Respondents argue the Court has an "obligation ... to prevent manifest injustice by granting relief from a stipulation that results in the resolution of an action on technicalities rather than on the merits." *Id.* at 6. Respondents cite several cases in which courts have relieved parties from the effect of stipulations where enforcing the stipulations would have greatly impacted the disposition of the suit. *Id.* at 5–7. Respondents cite: (1) *United States v. Ret. Servs. Group,* 302 F.3d 425, 430–31 (5th Cir.2002) (vacating a district court's grant of summary judgment where the parties had stipulated to the date a certain material document was issued, and there was evidence the stipulated date was erroneous); (2) *United States v. Texas,* 680 F.2d 356, 370–71 (5th Cir.1982) (finding manifest injustice where vague and conclusory stipulations of facts entered into by counsel "went beyond the authority expressly conferred on counsel and were entered into without the clients' consent [and] essentially settled the case ... without authority from the clients."); (3) *Cent. Distribs., Inc. v. M.E. T., Inc.,* 403 F.2d 943, 945–46 (5th Cir.1968) (finding manifest injustice where the trial court refused to allow modification of a pre-trial stipulation which resulted in the exclusion of material, relevant, and otherwise admissible evidence from trial, "effectively bar[ring] a meaningful examination of the only real issues present.").

Defendants argue that these cases are inapposite because all of them "involve pre-trial stipulations of evidence to be ad-

mitted at trial," and the Stipulation in the instant action is "a voluntary settlement agreement between the parties ending their litigation in this action on the terms set out" therein. *Norwood* Resp. 6. Defendants argue that the Stipulation should be construed as a settlement agreement, and that such an agreement is "binding upon the parties," and should be strictly enforced. *Id.* at 7. Defendants identify several cases to support their proposition that "[a] voluntary joint stipulation is a contractual agreement between the parties, and it will be enforced against those parties just like any other agreement." Mot. 8–9. Defendants identify: (1) *Bode v. Pan American World Airways, Inc.*, 786 F.2d 669, 673 (5th Cir.1986) (enforcing a stipulation dismissing all claims against all but two defendants); (2) *United States v. Medlin*, 767 F.2d 1104, 1107 (5th Cir.1985) (enforcing a stipulation regarding the post-dismissal disbursement of certain funds as a contract between the parties to a suit); (3) *Israel v. Carpenter*, 120 F.3d 361, 363 (2d Cir.1997) ("[P]rinciples of contract construction ... properly govern interpretation of the stipulation agreement."); (4) *Poloron Prods. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d. Cir.1976) ("A dismissal by stipulation is ... a mutual agreement by all the parties"); (5) *Slattery v. Ancient Order of Hibernians in Am., Inc.*, No. 97–7173, 1998 WL 135601, at *1 (D.C.Cir. Feb.9, 1998) (finding that parties to a "written settlement agreement and stipulation of dismissal ... are bound by its terms.").

Respondents dispute Defendants' characterization of the Stipulation as a settlement agreement. They distinguish some of the cases relied upon by Defendants from the instant action because in those cases, the plaintiffs had agreed to dismiss their claims in exchange for financial remuneration. *Norwood* Reply 2. Respondents argue that the Stipulation is not a settlement agreement because: (1) the parties did not intend the Stipulation to be a settlement agreement; (2) the Dismissed Plaintiffs did not receive any consideration in exchange for agreeing to dismiss their claims; (3) the purpose of the Stipulation "was to streamline the discovery process with respect to the motion for class certification ... [and it] did not arise in the context of settlement negotiations or a mediation;" and (4) as the dismissal was without prejudice, Defendants were aware that they would again have to defend against Respondents' claims in this or another court. *Id.* at 3–4.

Respondents assert that the Stipulation should be construed as a pretrial stipulation as it was " 'originally designed to expedite a trial [which] should not be rigidly adhered to when it becomes apparent that it may inflict manifest injustice upon one of the subscribers thereto.' " *Norwood* Reply 5 (quoting *Cent. Distribs., Inc.*, 403 F.2d at 946). They assert that the Court has a " 'duty to relieve counsel from pretrial stipulations where necessary to avoid manifest injustice and adjudications based on the sporting theory,' " and that manifest injustice will result if the Court enforces the Stipulation. *Id.* (quoting *Texas*, 680 F.2d at 370).

■ The Court finds that although the document is titled a "stipulation," its effect is more like a settlement agreement because it brought about the dismissal of the Dismissed Plaintiffs' claims. *See Nat'l Union Fire Ins. Co. v. Circle, Inc.*, 915 F.2d 986, 989 (5th Cir.1990) (construing a mutual release of claims as a contract). The Court recognizes that the parties did not intend the Stipulation to settle the Dismissed Plaintiffs' claims, and that the parties contemplated the Dismissed Plaintiffs' claims would continue, either as a part of a class action or, should the class

not be certified, re-filed as individual claims. However, the Stipulation sets forth that it was made "[p]ursuant to Fed. R.Civ.P. 41(a)(1)," *Norwood* Docket No. 252, 1, which rule governs stipulated dismissals, FED.R.CIV.P. 41(a)(1)(A)(ii). The Stipulation did effect a dismissal, making it unlike pretrial stipulations which govern evidentiary matters or other specific aspects of a case. Thus, the Court finds the Stipulation should be treated as a settlement agreement and construed under contract law. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir.2004) ("[A] settlement agreement is essentially a contract and is subject to the traditional rules of contract interpretation."); *see also Circle, Inc.*, 915 F.2d at 989 (reviewing a settlement agreement under contract law). Accordingly, the Court will review the Stipulation under contract principles.

### B. Enforceability of the Stipulation

As there is no apparent dispute that Texas state law governs the construction of the Stipulation,[4] the Court turns to Texas law in order to determine whether the Stipulation is enforceable. *See Oliver v. Kroger Co.*, 872 F.Supp. 1545, 1547 (N.D.Tex.1994) ("Questions regarding the enforceability of settlement agreements in diversity cases are governed by state law."). In order for the Stipulation to be enforceable, it must comply with both Rule 11 of the Texas Rules of Civil Procedure ("Rule 11") and Texas contract law. *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984); *see also Dunbar Med. Sys. v. Gammex Inc.*, 216 F.3d 441, 452 (5th Cir.2000) ("Texas law treats a settlement agreement as a contract, and courts typically analyze

an agreement's enforceability following contract law.").

Defendants assert that the Stipulation is binding and enforceable, and so its terms "should be enforced by the Court." Reply 14 (citing *Bell v. Schexnayder*, 36 F.3d 447, 450 (5th Cir. 1994)). Respondents assert that the Stipulation does not comply with Rule 11, that it lacks consideration, and that its enforcement would result in manifest injustice. *Norwood* Reply 3; *Norwood* Memo 7.

#### 1. Rule 11

■ Rule 11 "governs the enforceability of settlement agreements." *Oliver*, 872 F.Supp. at 1547. Rule 11 provides that agreements between attorneys or parties with respect to pending suits will only be enforced if they are (1) written, signed, and filed as a part of the record, or (2) made in open court and as part of the record. TEX.R. CIV. P. 11. "Rule 11 'is a minimum requirement for enforcement of all agreements concerning pending suits.' " *Martineau v. ARCO Chem. Co.*, 25 F.Supp.2d 762, 766 n. 3 (S.D.Tex.1998) (quoting *Kennedy*, 682 S.W.2d at 528).

Respondents argue that because they did not intend the Stipulation to be a settlement agreement, counsel for Respondents had no authority to enter such an agreement. *Norwood* Reply 3. They argue that Rule 11 precludes enforcement of a settlement agreement when the party's counsel lacked the authority to make such an agreement. *Id.* (citing *West Beach Marina, Ltd. v. Erdeljac*, 94 S.W.3d 248, 256 (Tex.App.-Austin 2002, no pet)).

---

**4.** Respondents challenge the validity of the Stipulation pursuant to Rule 11 of the Texas Rules of Civil Procedure, *Norwood* Reply 3, and Defendants cite *Israel*, 120 F.3d at 361, for the proposition that "state contract law

must be applied to a dispute over the effect of voluntary stipulation of dismissal," Mot. 9. Defendants do not identify Texas state law as the applicable law, but similarly do not urge the application of any other state's law.

However, as did the plaintiff in *Erdeljac*, Respondents confuse the requirements of Rule 11. *See Erdeljac*, 94 S.W.3d at 255. In *Erdeljac*, the plaintiff argued that Rule 11 precluded enforcement of a settlement agreement because the plaintiff withdrew its consent to the agreement prior to the entry of judgment. *Id.* The court held that while consent at the time of the entry of judgment is required for an agreed judgment, such consent is not a requirement of Rule 11. *Id.* Therefore, as there is no dispute that Stipulation is written, signed, and appears on the record, the Court finds that it meets the requirements of Rule 11.

### 2. Texas Contract Law

The Court now considers whether the Stipulation is a binding and enforceable contract. Respondents appear to argue that the Stipulation is unenforceable because (1) enforcement would result in manifest injustice, *Norwood* Memo 7, (2) the Dismissed Plaintiffs did not receive any consideration in exchange for the dismissal, *id.*, and (3) the Dismissed Plaintiffs did not intend to settle their claims when they agreed to the Stipulation, *Norwood* Reply 3.

Defendants respond that Respondents' failure to timely re-file their claims is the fault of Respondents or their counsel, and so Respondents should bear the consequences of such failure. Reply 5. They assert not enforcing the Stipulation would prejudice Defendants insofar as they will "fac[e] potential liability in seven cases" that they would otherwise not have been required to defend against. Reply 5. They assert that the Stipulation was

> not unilateral or without consideration. The Dismissed Plaintiffs avoided the need to participate in discovery in the *Bast* consolidated action and benefitted from the provision in the [Stipulation]

whereby their claims would relate back to the date of the filing of their original complaints.

*Id.* at 7. The Stipulation provided, "[f]or the purposes of limitations, laches, or any similar legal theory, [any] re-filed claims will relate back to the date of the filing of the Dismissed Plaintiffs' original complaints in the above-captioned actions." *Norwood* Docket No. 252, 2. Defendants also assert the Stipulation was a "voluntary settlement agreement between the parties," apparently disputing Respondents' contention that they did not intend for the Stipulation to resolve their claims against Defendants. *Id.* at 6.

■ Under Texas law, the following elements must be met for a contract to be enforceable: "(1) an offer, (2) an acceptance, (3) mutual assent, (4) execution and delivery of the contract with the intent that it be mutual and binding, and (5) consideration supporting the contract." Michol O'Conner, O'Conner's Texas Causes of Action 2007, Ch. 5–A § 2 (2007) (citing *Tex. Gas Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex.1970); *Buxani v. Nussbaum*, 940 S.W.2d 350, 352 (Tex.App.-San Antonio 1997, no writ); *Hallmark v. Hand*, 885 S.W.2d 471, 476 (Tex.App.-El Paso 1994, writ denied); *Smith v. Renz*, 840 S.W.2d 702, 704 (Tex.App.-Corpus Christi 1992, writ denied)). There is no dispute with respect to elements (1), (2), and (4). Respondents argue the Stipulation is unenforceable because it lacks consideration. The Court also understands Respondents' argument that the Dismissed Plaintiffs did not intend the Stipulation to resolve their claims as an argument that the Stipulation lacks mutual assent.

■ "A contract must be based upon a valid consideration ... [which is] a bargained for exchange of promises ... [and] consists of benefits and detriments to the contracting parties." *Fed. Sign v. Tex. S.*

*Univ.,* 951 S.W.2d 401, 408–09 (Tex.1997). Without consideration, a contract is unenforceable. *Id.* at 409. Consideration requires a mutuality of obligations. *Tex. Gas. Util. Co. v. Barrett,* 460 S.W.2d 409, 412 (Tex.1970). The detriment to the promisee "must induce the making of the promise, and the promise must induce the incurring of the detriment." *Roark v. Stallworth Oil & Gas,* 813 S.W.2d 492, 496 (Tex.1991). There is no dispute that Respondents incurred a detriment by voluntarily agreeing to dismiss their claims against Defendants, or that their claims were actually dismissed. Therefore, the Court must determine whether, as Defendants assert, Respondents benefitted by avoiding the need to participate in discovery and whether Defendants suffered a detriment by agreeing to the relation-back provision.

■■■ An agreement not to institute legal proceedings may constitute sufficient consideration. *Leonard v. Texaco, Inc.,* 422 S.W.2d 160, 165 (Tex.1967). The Court will assume, *arguendo,* that agreeing to forgo a defense may constitute sufficient consideration. However, no party asserts, and the Court is aware of no evidence suggesting that the Stipulation imposed an obligation of any sort upon Defendants. *See Bank of El Paso v. T.O. Stanley Boot Co.,* 809 S.W.2d 279, 285 (Tex.App.-El Paso 1991), *rev'd in part on other grounds,* 847 S.W.2d 218 (Tex.1992) ("Where a contract imposes no definite obligation on one party to perform, it lacks mutuality," and is unenforceable.). Although the Stipulation provides that the "re-filed claims will relate back to the date of the filing of the Dismissed Plaintiffs' original complaints," Defendants present no argument with respect to how Respondents' re-filing the claims would have afforded Defendants any cognizable defense with respect to statutes of limitation that would not have been available prior to the execution of the Stipulation. *Norwood* Docket No. 252. It is well settled law that statutes of limitation are tolled for unnamed members of a proposed class during the pendency of a suit where a motion for class certification is ultimately denied. *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) ("[T]he rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); *Fulford v. Transp. Servs. Co.,* 412 F.3d 609, 613 n. 10 (5th Cir.2005). Therefore, assuming Respondents had re-filed their claims within thirty days of the denial of the motion for class certification, any applicable statutes of limitations would have been tolled from the date the claims were first filed until the date the Court denied the motion for class certification. Defendants do not assert that the Stipulation would have actually precluded them from raising any defenses. Therefore, the Court finds Defendants suffered no detriment in that they did not actually agree to forgo any opportunity to assert a defense to Respondents' claims. Rather, the relation-back provision does not affect Defendants' rights or obligations in any way, so it is not a promise given in exchange for the Dismissed Plaintiffs' dismissing their claims, and is not valid consideration. *See Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 409 (Tex.1997) ("Consideration consists of benefits and detriments to the contracting parties. The detriments must induce the parties to make the promises and the promises must induce the parties to incur the detriments."). The relation-back provision constitutes neither a detriment to Defendants nor a benefit to Respondents. Therefore, the Court finds that the Stipu-

lation lacks consideration, and is therefore, unenforceable.[5]

## IV. CONCLUSION

To summarize, the Court finds that the Stipulation should be construed as a contract, and further finds that the Stipulation is unenforceable as it lacks consideration. Accordingly, the Court declines to enforce the thirty-day deadline set forth in the Stipulation and dismiss Respondents' claims. The Court also finds equitable considerations weigh in favor of allowing Respondents' claims to proceed. The Court finds credible Respondents' assertion that the parties entered into the Stipulation in order to facilitate the prosecution of the class action. The Court, bearing in mind that bona fide complaints ought to be carried to an adjudication on the merits, *Surowitz*, 383 U.S. at 373, 86 S.Ct. 845, finds that it is in the interest of justice to allow Respondents to proceed with their claims. Therefore, for the reasons set forth above, the Court is of the opinion that Defendants' Motion to Dismiss should be denied.

Accordingly, **IT IS ORDERED** that Defendants Lucent Technologies, Inc., General Electric Company, Raytheon Company, and Honeywell International, Inc.'s "Motion to Dismiss the Claims of Plaintiffs Who Previously Stipulated to Dismissal with Limited Time to Re–File" (Docket No. 34) is **DENIED**.

---

5. As the Court finds the Stipulation is unenforceable because it lacks consideration, it will refrain from addressing Respondents' argument that mutual assent is similarly lacking.